OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant’s contention that the testimony of the arresting officer could not properly constitute the basis of the trial court’s finding of probable cause has not been preserved for our review in that counsel’s objections to the court’s reliance on the testimony focused upon the sufficiency rather than the reliability of the officer’s testimony (People v Jenkins, 47 NY2d 722).
*846 Similarly unpreserved is defendant’s contention that the trial court erred in not issuing a pretrial ruling regarding the admissibility of the knife at trial. If defendant believed that he was prejudiced by references to the knife at trial, to the extent that he was denied a fair trial, it was necessary that he move for a mistrial on this specific ground in order to preserve the issue for appellate review (CPL 470.05, subd 2; 280.10, subd 1; People v Medina, 53 NY2d 951). Defendant’s only motion for a mistrial, however, which followed the District Attorney’s opening statement, was grounded solely upon the People’s inability to connect the knife to defendant and was not based on any claim of prejudice as a result of references to the knife.
Finally, we have reviewed defendant’s due process claim regarding the prejudicial effect of various remarks by the People in summation and find the contention to be without merit.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.