■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM BOWDOIN, WESLEY COOK and WILLIAM DUNCAN, Respondents. — Appeal by the People from an order of the Supreme Court, Queens County (Ferraro, J.), dated January 6, 1982, which granted the defendants' motions to suppress certain physical evidence and statements. Order reversed, on the law, motions to suppress denied, and matter remitted to the Supreme Court, Queens County, for further proceedings. At a suppression hearing the People called Police Officer John Hamberger. According to his testimony he and a Sergeant Purcell were driving eastbound on Jamaica Avenue, Queens County, at approximately 11:20 A.M. on May 4, 1981, when they observed an automobile in the westbound lane. As the automobile passed by, Officer Hamberger noticed that there were inspection stickers for both 1980 and 1981 on its windshield. Hamberger then stopped the car to issue a summons for a purported violation of subdivision (e) of section 306 of the Vehicle and Traffic Law. After the automobile was stopped, Hamberger approached the driver, defendant Bowdoin, and asked for his license and registration. Bowdoin produced a learner's permit. Neither of the other occupants of the car had a driver's license. However, defendant Duncan removed from the glove compartment a temporary registration from Pennsylvania which had expired. Hamberger then radioed central for a plate check. The report came back that it was not a stolen vehicle. Hamberger then noticed that the ignition was punched out or the ignition switch was missing from the automobile. He then took the Vehicle Identification Number (VIN) from the dashboard of the car, and transmitted the VIN to central. Central responded that the automobile was reported stolen. The three defendants were placed under arrest for criminal possession of stolen property. Officer Hamberger searched the defendants as they came out of the vehicle, and found on defendant Duncan three Valiums and a .32 caliber live round. A search of the vehicle revealed a screwdriver in the glove compartment and a 7.65 millimeter automatic weapon with one live round under the driver's seat. Defendant William Bowdoin was the sole defense witness. He testified at the hearing that he had been driving the automobile for seven or eight minutes when he was stopped by Officer Hamberger. He further testified that there was one inspection sticker on the windshield but later stated that he did not know how many stickers were on the car. Criminal Term credited Officer Hamberger's testimony but held that the People's failure to call a witness to substantiate the hearsay report (based on the VIN number) that the car was stolen precluded them from relying on that report. As a result the court found that there was no probable cause to arrest and accordingly granted defendants' motions to suppress. We disagree. A police officer is entitled to act on the strength of a radio report by a fellow officer. Where the report furnishes probable cause to arrest, the sender's knowledge is imputed to the receiver, and when the receiver acts, he presumptively possesses the requisite probable cause to arrest. That presumption, however, may be rebutted (*People v Lypka*, 36 NY2d 210, 212-213). Where the sending officer's communication is called into question, the People must demonstrate that the sending agency itself possessed the requisite probable cause to act (see *People v Lypka, supra;* see, also, *People v Havelka*, 45 NY2d 636). However, before the People may be called upon to support the presumption by an evidentiary showing, the defendants must specifically challenge the reliability of the sender's information, as opposed to the sufficiency of the information provided, or independently possessed by the receiver. Where a motion to suppress does not attack the underlying basis for a police radio report, the presumption of probable

cause to issue it remains (see *People v Jenkins,* 47 NY2d 722; accord *People v Weston,* 56 NY2d 844). To challenge reliability it must be interjected in such a manner as to fairly apprise the court and the opposing party that it is being contested. At bar, the matter was broached at the close of defense arguments by defendant Cook's counsel in the following manner: "I respectfully call to the Court's attention that in the indictment, the name of the owner of this vehicle is a person named White. And I also respectfully ask the court to recall that the police officer testified that the owner of this vehicle was a Linda Ellis, your Honor. *And I believe the Court should consider what information the police officer really had at the time of his arrest of the defendants as to whether the car was even stolen.*" (Emphasis added.) Counsel's comments were too ambiguous to fairly apprise the prosecution that reliability, as opposed to sufficiency, was being challenged. Therefore, the People were not required to produce the sending officer (see *People v Jenkins, supra).* Turning to the question of sufficiency, the radio report that the vehicle was stolen, and the officer's independent observation of a punched out ignition, provided probable cause for the arrest of the defendants *(People v Wynn,* 54 AD2d 366, 368). The ensuing search of defendants and the car were in turn justified as incident to the arrests *(People v Belton,* 55 NY2d 49, 54-55). We also hold that the initial stop of the vehicle was proper. Although the display of two inspection stickers is not per se a violation of the Vehicle and Traffic Law (see § 306), certified inspectors are required to remove expired inspection stickers following an inspection (15 NYCRR 79.20 [c] [3]). The simultaneous display of both current and expired inspection stickers was at the least irregular. Therefore, there was a specific articulable basis for suspecting that the vehicle was not properly inspected and in violation of the Vehicle and Traffic Law. On these facts the stop of the vehicle was reasonable (see *People v Ingle,* 36 NY2d 413, 420). The defendants further contend that they sought production of the car in order to verify Officer Hamberger's testimony that there were in fact two inspection stickers; that the People failed to preserve the car for inspection; and that in light of the People's failure in this regard the court (1) could infer that Officer Hamberger's testimony was false and (2) had the duty to sanction the People by suppressing the evidence. We disagree. It appears from the record that the car was returned to its owner pursuant to court order dated May 18, 1981. Specifically, the relevant sanctions of the Penal Law in effect at that time provided (see Penal Law, § 450.10, former subds 1, 2): "1. When property, alleged to have been stolen, comes into the custody of a peace officer, he must hold it, subject to the order of the court authorized by subdivision two to direct the disposal thereof. 2. On satisfactory proof of the title of the owner of the property, the court in which the criminal action is pending may order it to be delivered to the owner, unless its temporary retention be deemed necessary in furtherance of justice, on his paying the reasonable and necessary expenses incurred in its presentation, to be certified by said court. The order entitles the owner to demand and receive the property." Under these circumstances the People have met their "heavy burden of establishing that a failure to preserve the evidence was not intentional, deliberate or in bad faith" *(People v Davis,* 109 Misc 2d 230, 232; see *United States v Bryant,* 439 F2d 642). We have considered defendants' remaining contentions and find them to be without merit. Lazer, J. P., Mangano, Gibbons and Weinstein, JJ., concur.