■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DOBBINS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered April 12, 1988, convicting him of sodomy in the first degree, robbery in the first degree, burglary in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by deleting the provision providing that the term of imprisonment imposed on the conviction for burglary in the first degree is to run consecutively to the terms of imprisonment imposed on the other counts, and substituting therefor a provision directing that that term of imprisonment shall run concurrently to the terms imposed on the other counts; as so modified, the judgment is affirmed.

The defendant contends that the pretrial lineup at which he was identified by one of the complaining witnesses was unduly suggestive because only three of the participants had hazel eyes and because there was some discrepancy in height. We disagree. An examination of the lineup photographs indicates that all of the participants were similar in appearance to the defendant, including age, skin color and build. Indeed, prior to the lineup the defendant's own counsel commented that one of the participants resembled the defendant more than the defendant's own brother. Further, any discrepancy in height was minimized by the fact that each of the participants approached the viewing window individually and then returned to his seat. There is no requirement that a defendant in a

lineup must be surrounded by individuals nearly identical in appearance *(see, People v Mattocks,* 133 AD2d 89; *People v Rodriguez,* 124 AD2d 611, 612), and in the case at bar, there did not exist a substantial likelihood of misidentification *(see, Neil v Biggers,* 409 US 188). The defendant's claim that the detective who conducted the lineup engaged in impropriety or prompted the witness in any way is not supported by the evidence.

We find that the defendant's sentence was excessive to the extent indicted.

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Thompson, Spatt and Rosenblatt, JJ., concur.