■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO GONZALEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered May 22, 1989, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Giaccio, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

Initially, we reject the defendant's contention that the *Huntley* hearing court erred in denying his motion to suppress the statements he made to the police. The defendant alleges that the People failed to meet their burden of showing that the police acted legally in bringing him to the precinct since they failed to call one of the three detectives present when the defendant was taken from his home. Rather, the detective who interviewed the defendant at the precinct testified that the three detectives informed him that the defendant voluntarily accompanied them to the precinct. The defendant's wife, on the other hand, testified that while her husband was not under arrest, he was forced to go down to the precinct. The defendant claims that since the detective's testimony was based on hearsay it was insufficient, and his wife's version should have been deemed uncontroverted. We find the defendant's argument to be without merit.

Hearsay evidence is admissible to establish any material fact at a suppression hearing *(see,* CPL 710.60 [4]; *People v Gonzalez,* 68 NY2d 950; *People v Ayala,* 142 AD2d 147, 160, *affd* 75 NY2d 422). Accordingly, it was up to the hearing court to determine the weight to be given the detective's testimony that the defendant consented to go to the precinct when viewed along side his wife's testimony that he was forced to go. In finding that the defendant went to the precinct voluntarily, the hearing court refused to credit the defendant's wife's testimony. Furthermore, the court credited the detective's testimony, finding him to be honest and forthright. As noted

by the Court of Appeals, much weight must be accorded the determination of the suppression court, with its peculiar advantage of having seen and heard the witnesses *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Polito,* 169 AD2d 990). The court's determination was supported by the record.

Furthermore, viewing the evidence presented at trial in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Thompson, J. P., Kunzeman and Balletta, JJ., concur.

Brown, J., dissents, and votes to reverse the judgment of conviction, grant that branch of the defendant's omnibus motion which was to suppress the statements the defendant allegedly made to law enforcement officials, and order a new trial, with the following memorandum: In my opinion, under the circumstances of this case the hearsay testimony of the People's sole witness at the suppression hearing was insufficient to meet the People's heavy burden of establishing that the defendant voluntarily accompanied the officers to the police precinct where he allegedly made certain inculpatory statements which he sought to have suppressed *(see, People v Dodt,* 61 NY2d 408, 417; *People v Gonzalez,* 39 NY2d 122, 128).

The only witness to testify at the suppression hearing on behalf of the People was Detective Alan Grossman, whose direct testimony consisted simply of explaining the circumstances under which the defendant made a statement to him and to an Assistant District Attorney at the 109th precinct. It was not until cross-examination of Detective Grossman that the circumstances under which the defendant was brought to the precinct were testified to. Upon inquiry by the defense counsel, Detective Grossman stated that two or three of his fellow detectives had gone to the defendant's home and knocked on his door several times. He said that the detectives received no immediate response and, while they were waiting, the defendant's wife arrived and told them that the defendant was home but was probably sleeping. Detective Grossman testified further that the defendant then came out and indicated his willingness to accompany the detectives to the police precinct. When pressed as to whether the defendant was made aware of the fact that he was free to decline the detectives' invitation to accompany them, Detective Grossman responded: "Um—rest—respectively *[sic]* I wasn't present when he was taken from his apartment and driven to Queens, *so I can't*

*answer for what other people said or were told* but, I was told afterwards that he offered nothing but his cooperation in this matter and that he wanted to speak with the police and that he wasn't restrained and that he came of his own free will" (emphasis supplied).

In contrast to Detective Grossman's hearsay testimony as to what he had been told had occurred, the defendant's wife's eyewitness account, which she testified to at the hearing, was that she and her husband were at home when three detectives knocked on the door and indicated to her that they wanted to ask the defendant some questions. The witness stated that she went to wake her husband, and the detectives followed, without permission. She testified that the detectives told the defendant to get up and get dressed because they wanted to take him to the precinct to question him, and that in response to the defendant's inquiry as to what would happen if he did not want to go to the precinct, the defendant was told that he would be forced to do so.

In a written decision, the Supreme Court denied that defendant's motion to suppress the statements he made at the precinct. The court found Detective Grossman to be "honest and forthright", and concluded that "the defendant went to the precinct with the other detectives voluntarily and of his own free will". In addition, the court, without elaboration, stated that it did not credit the testimony of the defendant's wife. In my opinion, the court's determination was erroneous.

As the majority points out, the Legislature has deemed hearsay to be admissible at a suppression hearing "to establish any material fact" (CPL 710.60 [4]). In general, hearsay is used in the context of a probable cause hearing, when, typically, the arresting officer testifies that he relied upon a radio transmission or information provided by a fellow officer in arresting the defendant *(see, e.g., People v Dodt,* 61 NY2d 408, 416, *supra; People v Lypka,* 36 NY2d 210, 213-214). In those cases, the propriety of the conduct of the *testifying* officer is at issue, and hearsay is employed basically to establish the substance of the information provided to the arresting officer by a fellow officer, which, it has been held, may be reasonably relied upon by that arresting officer, in determining whether probable cause to arrest exists *(see, People v Dodt, supra,* at 416; *People v Bowdoin,* 89 AD2d 986).

In contrast, in the instant case the only witness who testified on behalf of the People, Detective Grossman, took no part in the conduct to which the defendant now objects. He had no need to rely on the information provided to him by his fellow

officers; indeed, he seems only to have come by that information fortuitously. Consequently, his testimony in this regard is beside the point, and certainly was of no assistance in determining what happened when the nontestifying detectives took the defendant into custody and brought him to the precinct for questioning. Also totally irrelevant was the fact that Detective Grossman was "honest and forthright". Although he was subject to cross-examination, that cross-examination made painfully clear the fact that he had no knowledge whatever of the relevant facts. Indeed, under the majority's analysis, any "honest and forthright" third party could have supplied the same testimony as Detective Grossman, testimony which would have been based solely upon what others told the witness, and the testimony would have been sufficient to establish that the defendant voluntarily accompanied certain detectives, whose credibility and reliability are unknown quantities, to the precinct on the date in question. Such a result makes little sense to me.

Indeed, even in those cases where hearsay is employed at a suppression hearing to establish probable cause, once that hearsay is challenged it is incumbent upon the People to produce the author of the hearsay at the hearing (see, *People v Havelka,* 45 NY2d 636, 641; *People v Lypka,* 36 NY2d 210, 213-214, *supra; People v Bowdoin,* 89 AD2d 986, *supra).* Here the hearsay testimony was specifically challenged by the defendant, both through his cross-examination of Detective Grossman and through the testimony of the defendant's wife. The fact that the hearing court refused to credit the testimony of the defendant's witness, testimony which, incidentally, was consistent and was not contradicted by a witness with personal knowledge of the facts, is not dispositive, for the challenge from which the People's burden to produce a witness with personal knowledge arises occurs when the underlying hearsay is specifically called into question by the defendant's motion to suppress—testimonial evidence need not even be adduced to justify the challenge (see, *People v Reynolds,* 104 AD2d 611, 613; *People v Bowdoin,* 89 AD2d 986, *supra).* In any event, and particularly in light of the fact that the People have given no indication that any of the three detectives involved were unavailable or that to produce any one of them would somehow jeopardize an investigation, the issue raised at the hearing regarding the propriety of the police conduct was sufficiently substantial to require the appearance of one of those detectives (see, *People v Petralia,* 62 NY2d 47, 52, *cert denied* 469 US 852).

For all of the foregoing reasons, I conclude that the hearing court erred in refusing to suppress the defendant's statement.