■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD BILBREW, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered April 24, 1989, convicting him of robbery in the first degree (five counts), robbery in the second degree (two counts), assault in the first degree (two counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Rotker, J.), of those branches of the defendant's omnibus motion which were to suppress statements made by him to a police officer and identification testimony.

Ordered that the judgment is affirmed.

Initially, the defendant contends that there was insufficient evidence adduced at the hearing to establish that he was given *Miranda* warnings before making the challenged statements to the police. We disagree. Officer Panchyn testified that he read the defendant his *Miranda* warnings from a card that was in his possession and admitted into evidence at the hearing. Panchyn further testified that the defendant acknowledged his understanding of each of the questions on the card and thereafter agreed to make a statement in which he admitted to being at the scene of the crime with three other males. Under the circumstances of this case, we perceive no basis to disturb the hearing court's determination that the statements in question were given freely and voluntarily after

the defendant received proper *Miranda* warnings *(see, People v Armstead,* 98 AD2d 726).

In addition, we disagree with the defendant's contention that the hearing court should have suppressed identification testimony by two eyewitnesses as the product of unduly suggestive, out-of-court identification procedures *(see, People v Dobbins,* 155 AD2d 551; *People v Tedesco,* 143 AD2d 155). In any event, given the testimony of an accomplice and the defendant's own statements, there is no reasonable possibility that the jury would have reached a different result without the challenged identification testimony and, therefore, any error was harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230, 237).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review (CPL 470.05 [2]), or without merit. Balletta, J. P., Rosenblatt, Ritter and Copertino, JJ., concur.