OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, defendant’s motion to suppress statements allegedly made to law enforcement officers granted, and the case remitted to Supreme Court, Queens County, for a new trial if the People be so advised.
Defendant was convicted of manslaughter in the first degree, for allegedly acting as an accomplice to a homicide. The evidence against defendant included statements he made to a Detective Grossman at the precinct. Defendant contends that these statements should have been suppressed because they were the fruit of illegal police conduct; i.e., that three detectives entered defendant’s apartment without a warrant or probable cause to arrest and forced defendant to accompany them to the precinct. The issue is whether the hearsay testimony of Detective Grossman, the People’s sole witness at the suppression hearing, was sufficient, standing alone, to meet the People’s burden of showing that defendant voluntarily went to the police precinct where he allegedly made the inculpatory statements.
Detective Grossman testified at the suppression hearing that the three detectives present when defendant was taken from his house told him that defendant voluntarily accompanied them to the precinct. Defendant’s wife, however, testified that although her husband was not arrested, the detectives said to him that if he did not come to the precinct voluntarily, he would be forced to do so. The People did not produce any of the three detectives. Nor did the People give any indication that the three detectives were unavailable or offer any reason *885 for not producing at least one of them. The Appellate Division, with one Justice dissenting, affirmed Supreme Court’s denial of defendant’s suppression motion, holding that it was up to the hearing court to determine the weight and credibility of Detective Grossman’s hearsay testimony (173 AD2d 845).
We agree with the dissent at the Appellate Division that the People did not meet their burden of showing that defendant freely consented to go to the precinct (see, People v Dodt, 61 NY2d 408, 417; People v Gonzalez, 39 NY2d 122, 128). Although Detective Grossman’s hearsay testimony was admissible (CPL 710.60 [4]), it did not supply the necessary proof of consent. That Grossman, who had no personal knowledge of the relevant facts, testified truthfully as to what the detectives told him has no bearing on the pertinent issue of whether the other detectives’ statements were true. Thus, the finding of the hearing court that Grossman was credible is irrelevant (cf., People v Prochilo, 41 NY2d 759, 761).
The People rely on cases where the testimony of an arresting officer concerning a hearsay police radio transmission or information received from another officer has been held sufficient to support probable cause for an arrest (see, e.g., People v Petralia, 62 NY2d 47, 53, cert denied 469 US 852; cf., People v Lypka, 36 NY2d 210, 213-214). These cases are not in point. Here, the information obtained by Detective Grossman from his fellow detectives was not something on which Grossman relied in taking action and, indeed, was unrelated to the performance of his law enforcement duties. On the contrary, it appears that Grossman’s knowledge concerning the disputed events was fortuitous. He happened to observe the defendant when he arrived at the precinct and to be told by the detectives of what had transpired at defendant’s home.
The hearing evidence presented substantial questions concerning the legality of the non-testifying detectives’ conduct. There is no basis for attributing reliability to the hearsay information related by Grossman or for assuming its truth. Thus, because the People produced no witness with firsthand knowledge of the police conduct in dispute, their proof was insufficient to meet their burden of showing that defendant’s consent was voluntary (see, People v Dodt, supra, at 416; People v Havelka, 45 NY2d 636, 641; People v Lypka, 36 NY2d 210, 214, supra). We conclude that defendant’s remaining claim is without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
*886 Order reversed, defendant’s motion to suppress statements allegedly made to law enforcement officers granted, and case remitted to Supreme Court, Queens County, for further proceedings in accordance with the memorandum herein.