■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered May 25, 1988, convicting him of rape in the first degree, sodomy in the first degree (two counts), robbery in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the identification testimony implicating him in the sexual assault of the complainant should have been suppressed as the product of an illegal arrest. We note that in his omnibus motion the defendant failed to move for suppression of evidence based upon a claim that he had been arrested without probable cause (see, People v Mezon, 80 NY2d 155). Rather, following a combined Wade-Huntley hearing, in his posthearing memorandum, the defendant advanced and developed the claim for the first time that he had been arrested without probable cause on October 12, 1986, in relation to other charges, and that a photograph taken following that arrest and release led to his identification and arrest on October 14, 1986, in connection with the instant charges. Insofar as this argument was not raised at a time when the People had an evidentiary opportunity to counter the defendant's bald assertions, it is unpreserved for appellate review (CPL 470.05 [2]; People v Martin, 50 NY2d 1029; People v Tutt, 38 NY2d 1011). In any event, the record supports the hearing court's determination that there was probable cause for the defendant's arrest on October 12 by Detective Clark, as the defendant was implicated by name, by an alleged accomplice (see, People v Berzups, 49 NY2d 417). This information was related at the Wade-Huntley hearing, without challenge by the defendant, by Detective Matthew Fogarty who arrested the defendant on the instant charges on October 14, after the complainant selected his photograph from an array. Detective Fogarty learned of the defendant's identity and the facts of the prior arrest from Detective Clark, who interrogated the alleged accomplice. Thus, probable cause was properly demonstrated by unchallenged hearsay testimony (cf., People v Gonzalez, 80 NY2d 883) notwithstanding that the officer who received the inculpatory statement did not testify at the suppression hearing (see, People v Rosario, 78 NY2d 583, cert denied — US —, 112 S Ct

1210; *People v Petralia,* 62 NY2d 47, *cert denied* 469 US 852; *People v Toodles,* 184 AD2d 674). Accordingly, to the extent that this claim was even properly raised within the context of a *Wade* hearing *(see, People v Pleasant,* 54 NY2d 972, 974-977 [Jones, J., concurring]), there is no basis upon which to conclude that the photograph taken of the defendant following his first arrest and release was the fruit of an illegal arrest infecting all subsequent identification procedures derived from that photograph.

Furthermore, at the *Wade* hearing, it was established that the photographic array from which the defendant's picture was identified was not unduly suggestive *(see, People v Eleby,* 137 AD2d 707; *People v Fox,* 65 AD2d 880), and the lineup did not present a substantial likelihood of misidentification *(see, People v Dobbins,* 155 AD2d 551; *People v Gairy,* 116 AD2d 733).

We have reviewed the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.