■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR MERCADO, Appellant. [602 NYS2d 254] —Judgment unanimously reversed on the law, plea vacated, motion granted in part and matter remitted to Oneida County Court for further proceedings in accordance with the following Memorandum: The motion to suppress defendant's June 22, 1991 statement as the fruit of an illegal arrest cast the burden on the People

to come forward with evidence showing the legality of the police conduct in the first instance *(see, People v Dodt,* 61 NY2d 408, 415; *People v Muhammad,* 120 AD2d 937, 939-940). We agree with defendant that the People failed to meet that burden. The record of the suppression hearing contains no evidence concerning the legality of the police conduct in securing defendant's presence at the police station prior to questioning. The People presented no proof at the suppression hearing to support their position on appeal that defendant freely consented to go to the police station. Rather, the sole witness to testify concerning defendant's statement admitted that he had no knowledge of how defendant came to be at the police station. Because the People failed to present any witness with firsthand knowledge of the police conduct at issue, their proof was insufficient to meet their burden and defendant's statement of June 22 should have been suppressed *(see, People v Gonzalez,* 80 NY2d 883; *People v Dodt, supra; People v Thomas,* 161 AD2d 1167, *lv denied* 76 NY2d 796; *People v Muhammad, supra).*

We have examined defendant's remaining contentions and conclude that none requires reversal. (Appeal from Judgment of Oneida County Court, Buckley, J.—Criminal Possession Weapon, 3rd Degree.) Present—Denman, P. J., Green, Balio, Boomer and Boehm, JJ.