■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DEFRAIN, Appellant. [613 NYS2d 303] —Judgment unanimously reversed on the law, plea vacated, motion to suppress granted in part and matter remitted to Monroe County Court for further proceedings on indictment. Memorandum: The motion to suppress items of tangible property, on the ground that they were illegally seized from defendant's vehicle, cast a burden on the People to come forward with evidence showing the legality of the police conduct (see, People v Pettinato, 69 NY2d 653, 654; People v Dodt, 61 NY2d 408; People v Mercado, 197 AD2d 898). The record of the suppression hearing contains no evidence concerning the circumstances of the seizure, nor is there any evidence showing what was seized from the

vehicle. Because the People failed to present any witness with first-hand knowledge of the police conduct, the proof was insufficient to meet their burden. Thus, defendant's motion to suppress items of tangible property should have been granted *(see, People v Gonzalez,* 80 NY2d 883, 885; *People v Pettinato, supra; People v Mercado, supra; see also, People v Parris,* 83 NY2d 342).

The record does not support the contention of defendant that the statement identifying his companion was obtained in violation of his right to counsel. Defendant's motion to suppress that statement, therefore, was properly denied. (Appeal from Judgment of Monroe County Court, Connell, J.—Burglary, 2nd Degree.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.