■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD ROACH, Appellant. [697 NYS2d 406] —Judgment unanimously reversed on the law, plea vacated, motion to suppress granted in part and matter remitted to Supreme Court for further proceedings on the indictment in accordance with the following Memorandum: Supreme Court erred in denying that part of defendant's motion that sought to suppress physical evidence seized from defendant's person and evidence of two

showup identifications on September 19, 1995. Defendant alleged that the evidence was the fruit of an illegal arrest, and the burden was "on the People to come forward with evidence showing the legality of the police conduct in the first instance" (*People v Mercado*, 197 AD2d 898, 898-899). The People, however, failed to present any witness with first-hand knowledge of the circumstances of defendant's apprehension. The testimony of Officer Glaze is not sufficient to support the People's contention that initially defendant was detained pursuant to *People v Hicks* (68 NY2d 234, 242) but not arrested (*see, People v Mercado, supra*). The court properly found that, before the showups, the police lacked probable cause for defendant's arrest (*see, People v Waters*, 259 AD2d 642; *People v Ross*, 251 AD2d 1020, *lv denied* 92 NY2d 882). There is no evidence, however, to support the court's conclusion that the police did not arrest defendant until he was identified. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Assault, 1st Degree.) Present—Lawton, J. P., Hayes, Wisner, Pigott, Jr., and Balio, JJ.