■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAHAN NORMAN, Appellant. [757 NYS2d 294] —Judgment, Supreme Court, New York County (William Leibovitz, J.), rendered July 5, 2001, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him, as a second felony offender, to a term of nine years to life, unanimously affirmed.

Defendant's suppression motion was properly denied. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). Following a lawful stop of a cab for traffic violations, defendant and the codefendant, the cab's passengers, were properly removed from the cab, at which time an officer observed drugs in open view, creating probable cause to arrest (*see People v Robinson*, 74 NY2d 773 [1989], *cert denied* 493 US 966 [1989]). Contrary to defendant's contention, the testimony of the officer who did not personally discover the drugs was sufficient in this case to meet the People's burden of going forward to prove the legality of the actions of the arresting officer, who did not testify at the hearing, but who relayed to the testifying officer the circumstances concerning his discovery of the drugs. Hearsay may be admitted at a suppression hearing to establish a material fact (CPL 710.60 [4]) and the witness was present at the scene, was aware of the events as they unfolded and provided circumstantial evidence from which the court could conclude that the drugs were discovered in open view (*compare People v Gonzalez*, 80 NY2d 883 [1992]).

In any event, even if we were to find that there was insufficient evidence that the drugs were in open view, we would find that the officers could have reasonably concluded that a weapon in the cab presented an actual and specific danger, justifying a limited protective search of an area of the car associated with defendants' suspicious conduct (*see People v Mundo*, 99 NY2d 55 [2002]). This was justified by the totality

of the testifying officer's observations, including the unusual events surrounding defendant's entry into the cab, which clearly suggested flight from a crime scene rather than mere haste, as well as both defendants' furtive movements and uncooperative behavior during the stop.

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved for appellate review and, in any event, is without merit (*see People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]).

We perceive no basis for reducing the sentence. Concur—Nardelli, J.P., Williams, Friedman, Marlow and Gonzalez, JJ.