OPINION OF THE COURT
Richard M. Weinberg, J.
This case had been referred to a judicial hearing officer to conduct a Dunaway/Huntley hearing. After reviewing the transcript of that hearing as well as the report of the hearing *990 officer, this court modifies the hearing officer’s findings and conclusions as follows:
The defendant has challenged the admissibility of certain statements on the theory that they are the fruits of illegal police conduct. The defendant has also challenged the voluntariness of the statements. While the ultimate burden under a Dunaway argument is upon the defendant, the People must initially come forward and justify the police conduct. On the issue of voluntariness, the burden of proof beyond a reasonable doubt is on the People.
The sole witness at the hearing, New York City Police Officer Christian Perez, was called by the People. Officer Perez first met the defendant when he was brought to the 34th Precinct station house on December 16, 2002 shortly after his 5:39 a.m. arrest. The defendant had been arrested by a Sergeant Hernandez and the sergeant’s driver and they brought the defendant to the 34th Precinct station house. There, according to Officer Perez, Sergeant Hernandez related to Officer Perez the details of the arrest, namely, that Sergeant Hernandez had observed the defendant driving the wrong way on a one-way street, stopped him, smelled alcohol on his breath, and asked if he had been drinking. When the defendant replied “yes,” the sergeant had arrested him. Officer Perez then took custody of the defendant and brought him to the 28th Precinct station house. At the 28th Precinct, Officer Perez read the defendant a full set of standard Miranda warnings in Spanish at about 6:50 a.m. The defendant acknowledged that he understood each warning and indicated that he was willing to answer questions. Accordingly, the defendant’s subsequent statements were voluntary.
However, the defendant has also challenged the introduction of these otherwise voluntary statements as the fruit of an illegal arrest. The only evidence concerning the stop and arrest of the defendant was provided by Officer Perez’ recitation of what Sergeant Hernandez had told him. While there is no reason to doubt that Officer Perez gave a candid recitation, that recitation was based on secondhand information. Officer Perez had nothing to do with the stop and arrest of the defendant. While this hearsay testimony was admissible, it did not supply the necessary proof of the legality of the stop and arrest. In his motion papers challenging the legality of his arrest, the defendant specifically denied operating a motor vehicle. Thus, it was incumbent upon the People to call a witness with firsthand knowledge of the challenged conduct. (See People v Gonzalez, 173 AD2d 845, 848 [1991] [Brown, J., dissenting].)
*991 At the- Gonzalez suppression hearing, the issue was whether the defendant had voluntarily accompanied the arresting officers from his home to the station house to be interviewed. The People’s sole witness was the detective who had interviewed the defendant at the station house. This witness was not present when the defendant had been taken from his home but had been informed by the detectives who had been at the defendant’s home that the defendant had voluntarily accompanied them.
As Justice Brown pointed out in his dissent (173 AD2d at 847-848), with which the Court of Appeals agreed when it subsequently reversed the Appellate Division (see People v Gonzalez, 80 NY2d 883 [1992]):
“the only witness who testified on behalf of the People * * * took no part in the conduct to which the defendant now objects. He had no need to rely on the information provided to him by his fellow officers * * * [consequently, his testimony in this regard is beside the point, and certainly was of no assistance in determining what happened when the nontestifying detectives took the defendant into custody * * * Also totally irrelevant was the fact that [the testifying] Detective * * * was ‘honest and forthright’ * * * Indeed, under the majority’s analysis, any ‘honest and forthright’ third party could have supplied the same testimony as [the testifying] Detective * * * testimony which would have been based solely upon what others told the witness.”
To argue, as did the People at the conclusion of the hearing in the present case, that any deficiency in proof had been overcome by the fellow officer rule is to misapprehend that rule. That rule applies in cases where the testifying officer’s actions are based upon and justified by hearsay information received from another officer. In this case, Officer Perez had no involvement until after the defendant had been arrested and transported to a police station. He simply took charge of an already arrested prisoner, transported him to another police station, processed the required paperwork and questioned the defendant. Officer Perez’ actions were based upon the fact of an arrest, not on any details which may or may not have been supplied by a fellow officer. In any event, as already noted, those hearsay details had been adequately challenged by the defendant so as to require the testimony of the arresting officer.
*992 Since the People failed to produce a witness at the hearing with firsthand knowledge of the challenged police conduct, they have not met their initial burden of justifying that conduct. (See People v Gonzalez, 80 NY2d 883 [1992].) Accordingly, the defendant’s motion to suppress his statements under a Dunaway theory is hereby granted.