■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY POMPEY, Appellant. [882 NYS2d 66]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered April 2, 2008, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent terms of seven years and three years, respectively, unanimously affirmed.

The court properly denied defendant's suppression motion. The officers' detailed testimony, taken together with the particular patrol guide section received in evidence, was sufficient to satisfy the People's initial burden of establishing that there was a standard policy regarding inventory searches, that the standard procedure was designed to meet the objectives justifying such searches, and that the search of defendant's bag was in compliance with the established procedure (*see People v Johnson,* 1 NY3d 252, 256 [2003]). In particular, the hearing evidence made it clear that the relevant aspects of the procedure at issue

were standardized rather than discretionary. The People also established that the police made a proper inventory search and not a search for incriminating evidence; we note that an officer continued and completed the search after another officer discovered a pistol. Furthermore, the officers compiled a proper inventory list of the full contents of defendant's bag, notwithstanding that they listed contraband and noncontraband items on different pages (*compare People v Gomez*, 50 AD3d 407, 409-410 [2008] [list limited to evidentiary items held insufficient]).

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Andrias, Nardelli, DeGrasse and Abdus-Salaam, JJ.