People v Bell-Scott (2018 NY Slip Op 04192)





People v Bell-scott


2018 NY Slip Op 04192


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


666 KA 17-00993

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
RAMEL BELL-SCOTT, DEFENDANT-RESPONDENT. 






WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR APPELLANT.


 Appeal from an order of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), dated September 20, 2016. The order granted that part of defendant's omnibus motion seeking to suppress oral statements made to Syracuse Police detectives. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, that part of the omnibus motion seeking to suppress defendant's statements is denied, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings on the indictment.
Memorandum: The People appeal from an order granting that part of defendant's omnibus motion seeking to suppress oral statements that he made to Syracuse Police detectives. We agree with the People that Supreme Court erred in suppressing those statements, and we therefore reverse the order, deny that part of the omnibus motion seeking suppression of defendant's statements and remit the matter to Supreme Court for further proceedings on the indictment.
Contrary to the court's conclusion, the evidence at the Huntley hearing establishes that defendant was not in custody when he made the statements, and thus Miranda warnings were not required (see generally Miranda v Arizona, 384 US 436, 467 [1966]). "In determining whether a defendant was in custody for Miranda purposes, [t]he test is not what the defendant thought, but rather what a reasonable [person], innocent of any crime, would have thought had he [or she] been in the defendant's position' " (People v Kelley, 91 AD3d 1318, 1318 [4th Dept 2012], lv denied 19 NY3d 963 [2012], quoting People v Yukl, 25 NY2d 585, 589 [1969], cert denied 400 US 851 [1970]). We reject defendant's contention that the People failed to meet their "burden of showing that [he] voluntarily went to the [detectives' office] where he allegedly made the inculpatory statements" (People v Gonzalez, 80 NY2d 883, 884 [1992]). Indeed, the People "properly demonstrated by unchallenged hearsay testimony" that defendant voluntarily accompanied the officers to the detectives' office for questioning and, inasmuch as defendant did not dispute that fact in either his motion papers or his arguments on the motion, that testimony was sufficient to sustain the People's burden (People v Rodriguez, 188 AD2d 564, 564 [2d Dept 1992], lv denied 81 NY2d 892 [1993]; see generally People v Norman, 304 AD2d 405, 405 [1st Dept 2003], lv denied 100 NY2d 623 [2003]). We further conclude that defendant was not in custody when he made the statements because he was informed that he was not under arrest and that he would be going home that day, he was not handcuffed, he was permitted to leave the interview room several times, he never asked to leave the office nor was he told that he could not leave, and he was not arrested that day (see People v Weakfall, 108 AD3d 1115, 1115-1116 [4th Dept 2013], lv denied 21 NY3d 1078 [2013]; see also People v Wilbert, 192 AD2d 1109, 1109-1110 [4th Dept 1993], lv denied 81 NY2d 1082 [1993]; People v Anderson, 145 AD2d 939, 939-940 [4th Dept 1988], lv denied 73 NY2d 974 [1989]).
The People's further contention that the court erred in denying their request to reopen the hearing is academic in light of our determination.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court