People v Echevarria (2019 NY Slip Op 05216)





People v Echevarria


2019 NY Slip Op 05216


Decided on June 27, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2019

Friedman, J.P., Gische, Kapnick, Singh, JJ.


9769 653/16

[*1]The People of the State of New York, Respondent,
v
Pedro Echevarria, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Allen Fallek of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (David M. Cohn of counsel), for respondent.



Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered June 16, 2016, convicting defendant, upon his plea of guilty, of criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.
After suppressing a metal rod recovered from defendant's backpack in an initial search near the crime scene, the hearing court properly declined to suppress the remaining evidence removed from the backpack after an inventory search at the police precinct. The evidence established that the initial illegality did not taint the inventory. The observations of the main police witness were sufficient to satisfy the People's burden at the hearing, and the circumstances did not require them to call the officer who conducted the initial search (see People v Norman, 304 AD2d 405, 405 [1st Dept 2003], lv denied 100 NY2d 623 [2003]).
The court also correctly found that the inventory search, in which all the items found in defendant's backpack and the backpack itself were vouchered, was proper (see e.g. People v Lee, 143 AD3d 626 [1st Dept 2016], affd 29 NY3d 1119 [2017]; People v Pompey, 63 AD3d 612 [1st Dept 2009], lv denied 13 NY3d 861 [2009], cert denied 559 US 1051 [2010]). Unlike the situation in People v Galak (80 NY2d 715, 720-721 [1993]), a delay in completing the inventory procedure was satisfactorily explained. We have considered and rejected defendant's remaining arguments on this subject.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 27, 2019
CLERK