People v Wayman (2020 NY Slip Op 06720)





People v Wayman


2020 NY Slip Op 06720


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Manzanet-Daniels, J.P., Singh, Scarpulla, Shulman, JJ. 


Ind No. 885/14 885/14 Appeal No. 12413 Case No. 2017-2536 

[*1]The People of the State of New York, Respondent,
v
Michael Wayman, Defendant-Appellant.


Stephen Chu, Interim Attorney-in-Charge, Office of the Appellate Defender, New York (Dana Wolfe of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Cynthia A. Carlson of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Nicholas Iacovetta, J.), rendered June 20, 2016, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of eight years, unanimously affirmed.
The court properly denied defendant's motion to suppress his postarrest statements to police. The People met their burden of coming forward, and defendant did not meet his ultimate burden of proving the illegality of his arrest (see People v Berrios, 28 NY2d 361, 367 [1971]). The hearing evidence established that a detective who had ample probable cause for defendant's arrest issued an I-card (indicating that defendant was wanted for a crime), and that the warrant squad arrested defendant on that basis. Defendant's argument that the People failed to meet their burden at the hearing because they did not call an officer with firsthand knowledge of the arrest (see People v Gonzalez, 80 NY2d 883 [1980]) is unavailing. Defendant's complaint that the suppression court never heard testimony that the arresting officer actually relied on the I-card fails because, as in People v Rose (178 AD3d 487, 488 [1st Dept 2019], lv denied 35 NY3d 944, [2020]), "the testimony of the detective who issued the I-card mandated the inference that defendant was arrested with probable cause by another officer, based on the issuance of that I—Card," and "[d]efendant offered no evidence to support his speculation [to the contrary]." To the extent that defendant argues that the failure to present the testimony of an arresting officer prevented the court from fairly considering whether defendant may have been arrested in his home in violation of Payton v New York (445 US 573 [1980]), the People had no burden, on these facts, to go forward with evidence in this regard. Defendant never claimed, in his motion papers or otherwise, that he was arrested in his home or some other place that would raise a Payton issue (see CPL 710.60). Defense counsel's only claim on this matter, made after the hearing, was that the People were required to negate the theoretical possibility of an unlawful home arrest. However, the People's burden at a hearing generally does not extend to calling additional witnesses merely to rule out theoretical bases for suppression that lack any "bona fide factual predicate" (People v Witherspoon, 66 NY2d 973, 974 [1985]).
The trial court's preclusion of cross-examination of a police officer about allegations of misconduct that had been found to be substantiated by the Civilian Complaint Review Board does not warrant reversal under the circumstances of this case. While the trial record is less than definitive in this regard, we assume, without deciding, that defendant had a good faith basis for the inquiry, and that the allegations were relevant to the officer's general credibility (see People v Smith, 27 NY3d 652, 662 [2016]). However, under all the circumstances, the court acted within its discretion (see id.) in determining that the basis for cross-examination regarding the allegations was too speculative and remote, and thus disallowing it. In any event, any error in precluding the cross-examination was harmless. This officer's entire role in the case consisted of vouchering a cartridge case that had been discovered at the crime scene by a different officer and that was never connected to any weapon. The cartridge case, in turn, was only a minor component of the overwhelming proof of defendant's guilt, which was based primarily on videotapes and defendant's statements (see People v Crimmins, 36 NY2d 230 [1975]).
Defendant's challenges to the People's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find that the challenged remarks generally constituted fair comment on the evidence and appropriate responses to defense arguments, and that the summation did not deprive defendant of a fair trial (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020