People v Gerard (2021 NY Slip Op 05089)





People v Gerard


2021 NY Slip Op 05089


Decided on September 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 28, 2021

Before: Acosta, P.J., Singh, Kennedy, Mendez, Higgitt, JJ. 


Ind No. 835/16 1898/16 Appeal No. 14218 Case No. 2019-5574 

[*1]The People of the State of New York, Respondent,
v
Andre Gerard, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Lorca Morello of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Franklin R. Guenthner of counsel), for respondent.



Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered January 25, 2017, as amended April 4, 2017, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree (two counts), robbery in the third degree and grand larceny in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of six years, unanimously affirmed.
The hearing court properly denied defendant's motion to suppress a showup identification and property recovered upon defendant's arrest. An officer testified that he found defendant in a subway station near the scene of the crime (where he had been arrested for an unrelated theft of services offense); that defendant matched the description of the perpetrator given by an eyewitness and confirmed by photo identification and surveillance video; and that defendant had with him a bag in which products of the type stolen were visible. The hearing court found this evidence to be credible, and no rebuttal evidence was presented. These observations were sufficient to create at least a reasonable suspicion justifying the forcible stop and detention of defendant long enough to conduct a showup identification, which, in turn, was sufficient to create probable cause for the arrest and to justify the seizure of the bag of medications incident to that arrest.
Defendant's main argument on appeal is that the People failed to meet their burden of coming forward with evidence demonstrating probable cause with respect to the underlying theft of services arrest — which created the circumstances for the testifying officer's discovery of defendant — because they did not present any testimony from the Transit Bureau officers who had firsthand knowledge of the farebeating offense. We find this argument unavailing under the facts of this case.
Probable cause may properly be established based on hearsay testimony (see CPL 710.60[4]; People v Parris, 83 NY2d 342, 348 [1994]), such as the officer's testimony about what he was told by the transit officers, so long as, under the Aguilar-Spinelli test, the People establish that there was "some basis" of knowledge for the underlying statement and that it was "reliable" (People v Bigelow, 66 NY2d 417, 423 [1985]). The "some basis" requirement is satisfied where, as here, the information is based on personal knowledge (Bigelow, 66 NY2d at 423-24), and "[i]nformation received from another police officer is presumptively reliable" (People v Ketcham, 93 NY2d 416, 420 [1999]).
Although the People will fail to meet their burden at a suppression hearing where they rely exclusively on hearsay evidence and "the defense challenges the sufficiency of the evidence, whether by cross-examining the People's witness or putting on a defense case" (People v Smith, 59 Misc 3d 1231[A], 2018 NY Slip Op 50814[U], *4 [Sup Ct, Bronx County 2018]), that is not the situation here, because defendant did not present any evidence, identify anything in the People's case[*2], or elicit any statements on cross-examination that undercut the veracity of the transit officers' account of a farebeating, as relayed by the testifying officer (see id., 2018 NY Slip Op 50814[U], *3-5; see also People v Acevedo, 179 AD2d 465, 467 [1st Dept 1992], lv denied 79 NY2d 996 [1992]). Unlike People v Gonzalez (80 NY2d 883, 885 [1992]), where there was a significant issue as to the voluntariness of the defendant's consent, the hearing evidence here did not present any "substantial questions concerning the legality of the non-testifying [officers'] conduct." The unsupported assertion in defendant's moving papers that he was seized without reason was not sufficient to necessitate calling the transit officers as witnesses.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2021