■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALWIN CLARK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered April 2, 1987, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We have examined the lineup photographs and conclude that the hearing court properly found that the composition of the lineup was not unduly suggestive. Despite the fact that the defendant and two of the other men in the lineup were the only bearded men, the lineup was comprised of six individuals of very similar appearance and hairstyle. Although three of the other men did not have beards, the totality of the circumstances supports the hearing court's finding that the

lineup was not unduly suggestive *(see, People v Rodriguez,* 124 AD2d 611; *People v Johnson,* 122 AD2d 812; *People v Norris,* 122 AD2d 82).

In any event, any possible suggestiveness did not render the identification testimony of the complaining witness unreliable, since she clearly had a strong independent source upon which to make her in-court identification *(see, People v Ballott,* 20 NY2d 600; *People v Callace,* 143 AD2d 1027; *People v Washington,* 111 AD2d 418; *People v Camacho,* 110 AD2d 844). She was approximately 3 to 4 feet away from the gunman and observed him for 2 to 3 minutes in a brightly illuminated room. Although over three years elapsed between the date of the commission of the crime and the lineup, we also note that the complainant selected the defendant's photograph within days of the shooting.

Although the defendant correctly asserts that it is his constitutional privilege to be present at all stages in the criminal proceedings against him and that this right may be waived by him, we cannot agree that reversible error was committed when the court denied his application to waive his presence at the pretrial hearing. Since the complainant had an independent basis for her identification of the defendant, any error in the denial of the defendant's request did not operate to prejudice him and does not require reversal *(see, People v Gill,* 138 AD2d 738; *People v Hubener,* 133 AD2d 233; *People v Cummings,* 109 AD2d 748; *People v Lyde,* 104 AD2d 957; *People v Magazine,* 106 AD2d 473; *People v James,* 100 AD2d 552).

As no specific objections were made as to the defendant's claims of improper bolstering, these claims are unpreserved for appellate review *(see, People v Love,* 57 NY2d 1023; *People v West,* 56 NY2d 662; *People v Benneman,* 112 AD2d 941). Likewise unpreserved for appellate review is the defendant's claim that the identification charge failed to fully apprise the jury that the People bore the burden of establishing beyond a reasonable doubt his identity as the assailant since no objection was taken to the charge *(see, People v Rodriguez,* 130 AD2d 522; *People v Lopez,* 113 AD2d 475).

The majority of the summation comments made by the People were not objected to and are thus unpreserved for appellate review *(see, People v Nuccie,* 57 NY2d 818; *People v Medina,* 53 NY2d 951; *People v Turner,* 141 AD2d 878; *People v Koleskor,* 131 AD2d 879; *People v Simmons,* 112 AD2d 173). While we agree with the defendant that some of the remarks made by the prosecutor in summation were improper and

might have been better left unsaid, we do not agree that these remarks warrant reversal. Many of the other comments during summation were arguably responsive to that portion of defense counsel's summation which stressed the point that the decedent was involved in the distribution and sale of narcotics from a witness's home *(see, People v Galloway,* 54 NY2d 396; *People v Marks,* 6 NY2d 67; *People v Martin,* 112 AD2d 387).

We find that the sentence imposed was neither harsh nor excessive.

We have examined the defendant's remaining contentions and conclude that they are either unpreserved for appellate review or are without merit. Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.