■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HENDERSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered May 9, 1989, convicting him of robbery in the first degree and attempted robbery in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The defendant's contention that both the photo array and

lineup were impermissibly suggestive, in that they drew the witnesses' attention to him as the lightest-skinned male portrayed, is without merit. It is well settled that the law does not require that a defendant in a lineup be surrounded by individuals nearly identical in appearance *(People v Chipp,* 75 NY2d 327, 336, *cert denied* — US —, 111 S Ct 99; *People v Dobbins,* 155 AD2d 551, 552). The hearing court properly determined that the difference in skin tone of the fill-ins, when considered in conjunction with their similarity of age and facial features, was not sufficient to create a substantial likelihood that the defendant would be singled out for identification. We note that any potential suggestiveness would not have rendered the identification testimony of the complaining witnesses unreliable in this case since they clearly had strong independent sources upon which to make their in-court identification *(see, People v Clark,* 155 AD2d 548, 549).

By pleading guilty, the defendant waived his right to challenge the court's adverse *Sandoval* ruling *(People v Green,* 162 AD2d 708; *People v Marinelli,* 148 AD2d 550; *People v Johnson,* 141 AD2d 848).

We have considered the defendant's remaining contention and find it to be without merit. Kunzeman, J. P., Kooper, Eiber and O'Brien, JJ., concur.