■ In the Matter of ERIC W., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order of disposition, Family Court, Bronx County (Harold J. Lynch, J.), entered March 13, 1991, which adjudicated appellant a juvenile delinquent upon a finding that he committed acts, which, if committed by an adult, would have constituted the crimes of robbery in the third degree and criminal mischief in the fourth degree, and placed him with the Division for Youth, Title II, for a period of 12 months, unanimously affirmed, without costs.

Family Court's finding that the complainant had an independent source for his in-court identification of appellant is supported by clear and convincing evidence (see, People v Chipp, 75 NY2d 327, 335, cert denied — US —, 111 S Ct 99). The complainant was able to view appellant under good lighting conditions during both the initial encounter at the beginning of gym class and later at the end of gym class when his chain and medallions were stolen (see, Matter of Jason V., 171 AD2d 447). The complainant also spontaneously identified appellant to the gym teacher after the crime had occurred (see, People v Logan, 25 NY2d 184, 193-194, cert denied 396 US 1020). While appellant had an absolute right to waive his presence at the Wade hearing, the court's refusal to allow appellant to absent himself in these circumstances was harmless error (People v Huggler, 50 AD2d 471, 474). Concur—Murphy, P. J., Rosenberger, Ellerin, Ross and Rubin, JJ., concur.