OPINION OF THE COURT
 

 Rosenblatt, J.
 

 In the case before us the prosecutor, in summation, urged the jury to give added credit to a witness’ identification of defendant because the witness and the defendant were both African-American. We hold that under the circumstances presented the summation was improper. Because the error was not harmless, we reverse defendant’s conviction and order a new trial.
 

 At approximately 2:30 a.m. on January 25, 1997, a crowd of individuals was involved in an altercation on a public street in Albany. At the time, Andrew Washington, an off-duty employee of the Rennselaer County Sheriff’s Office, was driving home from Troy, where he had consumed a few beers with friends.
 
 *384
 
 Washington testified that as he drove toward the scene he saw a crowd of 20 or 30 people chasing someone, whom they cornered and began beating. Stopping his car several yards from the fight, Washington attempted to disperse the crowd by honking his horn. He then heard a gunshot. After ducking, he immediately looked up in the direction of the report and saw a young African-American male holding a handgun. The crowd scattered, and Washington sped through the intersection, proceeding to the nearest police station where he gave a statement. Because everyone had left the scene, the police drove him to the nightclub where the fight supposedly began. Washington there identified defendant as the person who fired the gun. The police arrested defendant but never recovered a gun.
 

 When questioned by the police, defendant stated that he did not fire a gun but was at the scene standing next to someone who did. Asserting a trial defense of misidentification, defendant produced three witnesses who supported his account. Washington’s in-court identification was the People’s only direct evidence linking defendant to the gun. On summation, the court permitted the Assistant District Attorney to argue to the jury that the identification was “more reliable” because both Washington and defendant were African-American:
 

 ADA: “A good strong identification; if you will, ladies and gentlemen, an intraracial identification; intraracial, white on white.”
 

 Defense Counsel: “Excuse me, your Honor. That has no place in this. I object. That’s not fair comment on the evidence.”
 

 The court: “It’s an inference she seeks. Overruled.”
 

 ADA: “Intraracial identification, I submit to you inherently more intraracial, white on white, Asian on Asian, Afro American on Afro American as this one is here; a good, strong identification
 
 more
 
 reliable” (emphasis added).
 

 Following a jury verdict, defendant was convicted of criminal possession of a weapon in the third degree, a class D felony, in violation of section 265.02 (1) of the Penal Law. The Appellate Division affirmed, with one Justice dissenting. The dissenting Justice granted leave to appeal to this Court. We reverse.
 

 The People assert that, based on psychological writings describing the purported weaknesses of cross-racial identifications,
 
 *385
 

 *
 
 the race-based argument was a proper subject for comment during their summation. We disagree.
 

 The issue of race-based identification formed no part of the record in this case. By raising it for the first time during closing argument, the prosecutor had the sole, final, inapt word on the subject. Moreover, the error was compounded by the court’s failure to give a curative instruction or otherwise rectify the situation. Instead, it overruled the objection, and thus allowed the prosecutor to vouch improperly for the credibility of the witness by arguing that intraracial identifications are “more reliable.”
 

 The psychological studies, and the cases that have relied on them, do not justify the prosecutor’s summation in this case. By and large, the case law deals with the use of expert testimony to challenge cross-racial identifications. In that setting, some appellate courts have sustained the preclusion of this evidence in the trial court’s discretion
 
 (see, e.g., McMullen v State,
 
 714 So 2d 368 [Fla 1998];
 
 United States v Rincon,
 
 28 F3d 921 [9th Cir 1994];
 
 United States v Harris,
 
 995 F2d 532 [4th Cir 1993];
 
 United States v Smith,
 
 736 F2d 1103, 1106 [6th Cir],
 
 cert denied
 
 469 US 868 [1984];
 
 Commonwealth v Walker,
 
 421 Mass 90, 96, 653 NE2d 1080, 1084 [1997]), while others have held that the trial court abused its discretion in precluding such proof
 
 (see, e.g., United States v Downing,
 
 753 F2d 1224 [3d Cir 1985];
 
 People v McDonald,
 
 37 Cal 3d 351, 690 P2d 709 [1984]). That issue, however, is not before us; only the propriety of the prosecutor’s summation is. We therefore need not and do not decide any other issue.
 

 The proof of defendant’s guilt was not overwhelming. This was an identification case that turned on the jury’s assessment of a single witness. Under the circumstances, we cannot say that the error was harmless.
 

 Accordingly, the order of the Appellate Division should be reversed and a new trial ordered.
 

 
 *386
 
 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order reversed, etc.
 

 *
 

 See, e.g.,
 
 Chance & Goldstein,
 
 The Other Race Effect and Eyewitness Identification,
 
 reprinted in Psychological Issues in Eyewitness Identification, at 153 (Sporer, Malpass
 
 &
 
 Koehnken eds, 1996); Platz & Hosch,
 
 Cross-Racial / Ethnic Eyewitness Identification: A Field Study,
 
 18 J Applied Soc Psychol 972 (1988); Lindsay, Wells & Rumpel,
 
 Can People Detect Eyewitness-Identification Accuracy Within and Across Situations,
 
 66 J Applied Psychol 79 (1981); Wells & Loftus, Eyewitness Testimony: Psychological Perspectives, at 1 (1984); Malpass & Kravitz,
 
 Recognition for Faces of Own and Other Race,
 
 13 J Personality & Soc Psychol 330 (1969);
 
 see also,
 
 Johnson,
 
 Cross-Racial Identification Errors In Criminal Cases,
 
 69 Cornell L Rev 934 (June 1984).