■ The People of the State of New York, Respondent, v Oscar Urena, Appellant. [806 NYS2d 611]—Appeal by the defen-

dant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered November 26, 2002, convicting him of murder in the second degree, attempted murder in the second degree (three counts), robbery in the first degree, attempted robbery in the first degree (two counts), robbery in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The majority of the defendant's contentions, related to the prosecution's elicitation of testimony from a police witness which allegedly improperly bolstered the identifications of him by two civilian prosecution witnesses, are unpreserved for appellate review as they were not raised before the trial court (*see People v Malizia*, 62 NY2d 755 [1984], *cert denied* 469 US 932 [1984]; *People v Martinez*, 1 AD3d 611 [2003]; *People v Stephens*, 274 AD2d 487 [2000]). In any event, any error was harmless in light of the overwhelming proof of guilt (*see People v Crimmins*, 36 NY2d 230 [1975]).

The defendant also contends that he was denied the effective assistance of trial counsel. However, to prevail on a claim of ineffective assistance of counsel, a defendant must show that the defense counsel failed to provide meaningful representation (*see People v Henry*, 95 NY2d 563, 565 [2000]; *People v Baldi*, 54 NY2d 137 [1981]; *People v Myers*, 220 AD2d 461 [1995]). After a review of the record in its entirety and without giving undue significance to retrospective analysis, we are satisfied that the defendant received the effective assistance of trial counsel (*id.*). Adams, J.P., S. Miller, Ritter and Lifson, JJ., concur.