THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALICIA GARRETT, Appellant. [880 NYS2d 101]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered March 3, 2005, convicting her of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the admission into evidence of certain statements made by the decedent to a police officer violated her constitutional right to confrontation is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the defendant's right to confrontation was not violated by the admission of the statements into evidence because they were not testimonial in nature (*see People v Nieves-Andino,* 9 NY3d 12, 14-16 [2007]).

The defendant's contention that a police officer's testimony implicitly bolstered another witness's testimony regarding a prior lineup identification of the defendant also is unpreserved

for appellate review (*see* CPL 470.05 [2]; *People v Sealy,* 35 AD3d 510, 510-511 [2006]). In any event, any implicit bolstering that occurred was harmless, since the evidence of the defendant's guilt, without reference to the error, was overwhelming and there was no significant probability that, but for the error, the jury would have acquitted the defendant (*see People v Johnson,* 57 NY2d 969, 970 [1982]; *People v Crimmins,* 36 NY2d 230, 241-242 [1975]).

The defendant's remaining contentions, including those raised in her supplemental pro se brief, are unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, are without merit. Fisher, J.P., Covello, Angiolillo and Leventhal, JJ., concur.