■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM JAMISON, Appellant. [946 NYS2d 569]—

Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered April 30, 2009, convicting defendant, after a jury trial, of robbery in the first degree, attempted assault in the second degree, and criminal trespass in the second degree, and sentencing him, as a second violent felony offender, to consecutive terms of 15 years and 2 to 4 years, concurrent with a term of 1 year, and order, same court and Justice, entered on or about December 22, 2010, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

By failing to make any effort to obtain an allegedly exculpa-

tory videotape after the People informed him of it and offered to make it available to him, defendant abandoned the claim that the People failed to disclose it (*see People v Graves*, 85 NY2d 1024, 1027 [1995]; *People v Bethune*, 65 AD3d 749, 754 [2009], *lv denied* 17 NY3d 792 [2011]). The People disclosed the existence of this tape at defendant's arraignment, but defendant made no mention of the tape before or during trial, except for a general reference to videotapes made in a discovery motion. Defendant never alerted the court to any claim that this videotape had not been produced. In any event, the record refutes defendant's assertion that the tape may have been exculpatory.

Any deficiency in the People's CPL 710.30 (1) (b) notice became irrelevant when defendant moved to suppress the identification testimony and received a full hearing on the fairness of the identification procedure (*see People v Kirkland*, 89 NY2d 903 [1996]).

Defendant's argument that his lawyer was ineffective in failing to move to reopen the suppression hearing based on the trial testimony of two identifying witnesses is unavailing because this evidence would not have resulted in a different suppression ruling (*see People v Evans*, 16 NY3d 571, 576 [2011]). Based on the accounts of the identifications given at trial, both identifications would have still constituted constitutionally permissible showups (*see e.g. People v Gatling*, 38 AD3d 239, 240 [2007], *lv denied* 9 NY3d 865 [2007]).

We have considered defendant's pro se arguments, including his additional claims of ineffective assistance, and find them to be without merit. Concur—Mazzarelli, J.P., Saxe, DeGrasse, Richter and Abdus-Salaam, JJ.