On July 15, 2008, at about 9:30 p.m., Abdul Salan Zakari, Tete Eteh Benissan, Abdoulaye Zibo, and the victim, A1 Moustapha Oumaria, were sitting on a stoop on Albany Avenue in Brooklyn, drinking and smoking cigarettes. They were suddenly approached by a thin, dark-skinned man, dressed in a white shirt, dark jeans, and dark hat. Neither Benissan nor Zibo had ever seen the man before. The man started firing a gun. Oumaria was shot and killed.
Once the defendant became a suspect, a detective composed a photo array using the New York City Photo Management Database. Benissan viewed the photo array and identified the defendant as the shooter. All three witnesses then identified the defendant in a lineup. At trial, a detective testified that he placed the defendant under arrest immediately after the three witnesses separately viewed the lineup. The People also adduced evidence that the defendant had once gone to the victim’s place of work, where they had a dispute regarding a woman with whom they had both been involved.
*841 The jury found the defendant guilty of murder in the second degree. The defendant appeals from the judgment of conviction and we affirm.
The defendant’s contention that the trial court erred in permitting the detective to testify that he arrested the defendant immediately after the witnesses viewed the lineup is unpreserved for appellate review (see People v West, 56 NY2d 662, 663 [1982]; People v Regan, 11 AD3d 640, 641 [2004]). In any event, although the testimony constituted impermissible inferential bolstering (see e.g. People v Fields, 309 AD2d 945, 945-946 [2003]), the error was harmless, as there was overwhelming evidence of the defendant’s guilt and no significant probability that the error contributed to his conviction (see People v Hall, 59 AD3d 564, 565 [2009]; People v Urena, 23 AD3d 587, 588 [2005]).
Contrary to the contention in the defendant’s pro se supplemental brief, the hearing court properly denied that branch of his omnibus motion which was to suppress pretrial identification testimony, since neither the photo array nor the lineup was unduly suggestive (see People v Means, 35 AD3d 975 [2006]; People v Kirby, 34 AD3d 695 [2006]).
The defendant’s further contention raised in his pro se supplemental brief that the evidence was legally insufficient to support the verdict is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s remaining contentions raised in his pro se supplemental brief are without merit. Angiolillo, J.P., Dickerson, Belen and Chambers, JJ., concur.