■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERICK LEWIS, Appellant. [956 NYS2d 526]—

The defendant was convicted of various crimes for sexually assaulting three women in their apartment buildings in the Crown Heights section of Brooklyn over the course of an eight-month period. He failed to preserve for appellate review his objection to the Supreme Court's *Molineux* ruling (*see People v Molineux*, 168 NY 264 [1901]), which allowed the People to argue that similar statements made by the perpetrator during the three assaults tended to show that the same person committed all three assaults and was probative of a modus operandi (*see* CPL 470.05 [2]). In any event, where a defendant is tried for more than one crime, the prosecution may argue that the overall pattern tends to prove that the same person committed the crimes if they share sufficiently distinctive circumstances (*see People v McRae*, 276 AD2d 332 [2000]). In this case, the three incidents were sufficiently distinctive and similar to each other as to establish a modus operandi, such that, in her summation, the prosecutor was properly permitted to comment upon the similarities (*see People v Salton*, 74 AD3d 997 [2010]; *People v Ramos*, 37 AD3d 740 [2007]).

The defendant contends that the Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371, 376 [1974]) was an improper exercise of discretion. The extent to which the prose-

cution should be allowed to impeach the credibility of a defendant is a matter that is generally left to the sound discretion of the trial court (*see People v Bennette*, 56 NY2d 142, 146 [1982]; *People v Carrasquillo*, 204 AD2d 735, 735 [1994]; *People v Johnston*, 186 AD2d 822 [1992]). When the People seek to question a defendant about his or her commission of a prior crime which is identical or similar to the offense charged, the jury may, improperly, consider it as evidence of the defendant's predisposition to commit the crime charged (*see People v Sandoval*, 34 NY2d at 377-378). Cross-examination is not automatically precluded, however, on the ground that the prior crime is similar to that for which the defendant is on trial (*see People v Hayes*, 97 NY2d 203, 208 [2002]). The Supreme Court's *Sandoval* ruling in this case allowed the prosecutor to ask the defendant about the facts underlying his grand larceny conviction, involving a similar modus operandi that he employed while committing the offenses for which he was on trial but which did not involve sexual assault, and precluded her from inquiring about prior bad acts which involved sexual assault and public lewdness. We find that this ruling was a provident exercise of discretion.

The defendant failed to preserve for appellate review his contention that his right to confront adverse witnesses was violated (*see* CPL 470.05 [2]). The contention, is, in any event, without merit (*see Williams v Illinois*, 567 US —, 132 S Ct 2221 [2012]).

The sentence imposed was not excessive (*see People v Farrar*, 52 NY2d 302, 305-306 [1981]). Mastro, J.P., Dickerson, Lott and Austin, JJ., concur.