■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY CURRIE, Appellant. [986 NYS2d 609]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered September 5, 2006, convicting him of robbery in the first degree (five counts), criminal possession of a weapon in the fourth degree, and endangering the welfare of a child, upon a jury verdict, and sentencing him, as a second violent felony offender, to five consecutive determinate terms of imprisonment of 20 years on the convictions of robbery in the first degree, followed by five years of postrelease supervision, and concurrent definite terms of imprisonment of one year each on the convictions of criminal possession of a weapon in the fourth degree and endangering the welfare of a child, with these sentences to run concurrently with the sentences imposed on the robbery convictions. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is modified, as a matter of discre-

tion in the interest of justice, by providing that the sentences imposed on the convictions of robbery in the first degree shall run concurrently with each other; as so modified, the judgment is affirmed.

The defendant contends in his pro se supplemental brief that the identification procedure used by the police with one of the complainants, in which she was shown a sketch of the perpetrator derived from a description given by another complainant, was impermissibly suggestive. However, we agree with the Supreme Court that the procedure used by the police was not impermissibly suggestive. In any event, the court properly held that the complainant's observation of the defendant during the robbery gave her an independent source upon which to make her in-court identification (*see People v Henderson*, 170 AD2d 532, 533 [1991]; *People v Clark*, 155 AD2d 548 [1989]). Additionally, contrary to the defendant's contention in his pro se supplemental brief, the People established in the first instance that the photographic array and lineup procedures employed were not improper, and the defendant failed to establish that the procedures were unduly suggestive (*see People v Chipp*, 75 NY2d 327, 335-336 [1990]; *People v Morency*, 104 AD3d 877, 877 [2013]).

The defendant failed to preserve for appellate review his contentions that he was deprived of his rights to due process and a fair trial by certain comments made by the prosecutor during summation which improperly commingled evidence concerning the five robberies, and by the Supreme Court's failure to issue an instruction to the jury directing the jurors to consider the evidence as to each incident separately (*see* CPL 470.05 [2]; *People v Manley*, 293 AD2d 628 [2002]). In any event, where a defendant is tried for more than one crime, the prosecution may argue that the overall pattern tends to prove that the same person committed the crimes if they share sufficiently distinctive circumstances (*see People v Lewis*, 101 AD3d 1154, 1154 [2012]; *People v McRae*, 276 AD2d 332 [2000]). Here, the robberies were sufficiently distinctive, and similar to each other, as to establish a modus operandi, such that, in summation, the prosecutor was properly permitted to comment upon the similarities (*see People v Lewis*, 101 AD3d 1154 [2012]; *People v Salton*, 74 AD3d 997 [2010]; *People v Ramos*, 37 AD3d 740 [2007]). Moreover, under the circumstances of this case, since the defendant's identity was a primary issue at trial, and the robberies, which all shared the same distinctive modus operandi, were properly joined for trial (*see People v Mack*, 235 AD2d 548 [1997]), a charge that the robberies were distinct and sepa-

rate and that evidence of guilt as to one of the robberies could not be considered as evidence of guilt as to the others would have been improper (*see People v Rios*, 245 AD2d 470 [1997]; *People v Lewis*, 175 AD2d 885 [1991]).

There is no merit to the defendant's contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel at trial or at sentencing (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *Strickland v Washington*, 466 US 668 [1984]).

The sentence imposed was excessive to the extent indicated (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contention raised in point one of his pro se supplemental brief is without merit. The defendant's remaining contentions raised in his pro se supplemental brief are unpreserved for appellate review and, in any event, without merit. Balkin, J.P., Dickerson, Chambers and Hall, JJ., concur.