█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOKEELHO BAILEY, Appellant. [993 NYS2d 579]—

Appeal by the defendant from a judgment of the Supreme

Court, Kings County (Mangano, Jr., J.), rendered February 28, 2012, convicting him of robbery in the first degree (two counts) and attempted robbery in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Chun, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see *People v Bradshaw*, 18 NY3d 257, 267 [2011]; *People v Lopez*, 6 NY3d 248, 257 [2006]; *People v Callahan*, 80 NY2d 273 [1992]; *People Pressley*, 116 AD3d 794, 795-796 [2014]). Accordingly, in the absence of a knowing, voluntary, and intelligent waiver of the right to appeal, the defendant retained his right to challenge the denial of that branch of his omnibus motion which was to suppress identification testimony (see CPL 710.20 [2]; *People v Crawford*, 110 AD3d 916, 916 [2013]; *People v Jacob*, 94 AD3d 1142, 1144 [2012]).

Nevertheless, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony. "[T]he purpose of the *Wade* hearing [*see United States v Wade*, 388 US 218 (1967)] is to test identification testimony for taint arising from official suggestion during 'police-arranged confrontations between a defendant and an eyewitness' " (*People v Dixon*, 85 NY2d 218, 222 [1995], quoting *People v Gissendanner*, 48 NY2d 543, 552 [1979]). Here, the People established in the first instance that the lineup was not improper, and the defendant failed to establish that the procedure was unduly suggestive (see *People v Jackson*, 98 NY2d 555, 559 [2002]; *People v Chipp*, 75 NY2d 327, 335-336 [1990]; *People v Currie*, 117 AD3d 1074, 1075 [2014]). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony. Balkin, J.P., Leventhal, Chambers and Hinds-Radix, JJ., concur.