THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH MINARD, Appellant. [2 NYS3d 603]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Braslow, J.), rendered August 16, 2012, convicting him of attempted robbery in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of attempted robbery in the first degree and assault in the second degree in connection with an incident in which he attempted to take money from the complainant. An altercation ensued, during which the defendant was stabbed, the complainant was injured, and, according to the trial testimony of two eyewitnesses and the complainant, the defendant put a gun to the complainant's head. The defendant appeals from the judgment of conviction.

To establish entitlement to a charge of a lesser included offense, a defendant must show both that the greater crime cannot be committed without having concomitantly committed the lesser by the same conduct, and that a reasonable view of the evidence supports a finding that he or she committed the lesser, but not the greater, offense (see CPL 1.20 [37]; 300.50 [1]; People v Rivera, 23 NY3d 112, 120 [2014]). Although robbery in the third degree is a lesser included offense of robbery in the first degree, here there is no reasonable view of the evidence to support a jury finding that the defendant committed the lesser, but not the greater, offense. The complainant and eyewitnesses testified that the defendant held a gun to the complainant's head, and other witnesses testified that the defendant later told them that he had pulled out a gun during the event. No other evidence contradicted that testimony. Accordingly, the County Court properly denied the defendant's request to charge attempted robbery in the third degree as a lesser included offense of attempted robbery in the first degree (see People v Rivera, 23 NY3d at 121; People v James, 11 NY3d 886, 888 [2008]; People v Scarborough, 49 NY2d 364, 372 [1980]; People v Mitchell, 59 AD3d 739 [2009]).

The defendant's contention that the evidence was legally insufficient to support his convictions is partially unpreserved for appellate review (see People v Hawkins, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most

favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the County Court erred in denying his motion for a mistrial without conducting a *Buford* inquiry (*see People v Buford*, 69 NY2d 290 [1987]) of a certain juror is without merit (*see People v Mejias*, 21 NY3d 73, 80 [2013]; *People v Buford*, 69 NY2d at 299; *People v Boney*, 119 AD3d 701, 702 [2014]).

The defendant's contention that the County Court's denial of his application for costs to obtain the appearance of a witness for further cross-examination deprived him of due process and the right to present a defense is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the contention is without merit (*see People v Flowers*, 102 AD3d 885 [2013]; *People v Moczo*, 261 AD2d 340 [1999]).

The defendant's contention that his adjudication as a persistent felony offender was unconstitutional pursuant to *Apprendi v New Jersey* (530 US 466 [2000]) and its progeny is unpreserved for appellate review and, in any event, is without merit (*see* CPL 470.05 [2]; *People v Quinones*, 12 NY3d 116 [2009]; *People v Rivera*, 5 NY3d 61 [2005]; *People v Rosen*, 96 NY2d 329 [2001]). Furthermore, the County Court's determination to sentence the defendant as a persistent felony offender was a provident exercise of its discretion (*see* Penal Law § 70.10 [2]; *People v Boney*, 119 AD3d at 703; *People v Dixon*, 107 AD3d 735, 736 [2013]; *People v Bazemore*, 100 AD3d 915 [2012]). The County Court's conclusion that the nature of the defendant's criminal conduct in the instant matter, his criminal record, and his character warranted extended incarceration and lifetime supervision is supported by the record (*see People v Dixon*, 107 AD3d 735 [2013]; *People v Bazemore*, 100 AD3d 915 [2012]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention does not warrant reversal. Rivera, J.P., Dickerson, Roman and Cohen, JJ., concur.