■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTIS BOONE, Appellant. [11 NYS3d 687]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered July 25, 2012, convicting him of robbery in the first degree (two counts), upon a jury verdict, and sentencing him to consecutive determinate terms of imprisonment of 10 years and 15 years, respectively, followed by periods of postrelease supervision.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the determinate terms of imprisonment imposed on the convictions of robbery in the first degree from 10 years and 15 years to five years and 10 years, respectively; as so modified, the judgment is affirmed.

The Supreme Court properly declined to charge the jury on the unreliability of cross-racial identification, as the defendant never placed the issue in evidence during the trial (*see People v Best*, 120 AD3d 707, 708 [2014]; *cf. People v Alexander*, 94 NY2d 382, 385 [1999]), and the court's charge correctly conveyed the

applicable legal principles on witness credibility and identification testimony (*see People v Washington*, 56 AD3d 258, 259 [2008]; *People v Applewhite*, 298 AD2d 136, 137 [2002]).

The defendant failed to preserve for appellate review his contentions that he was deprived of his due process right to a fair trial by certain comments made by the prosecutor during summation in which she urged the jury to consider the evidence concerning the two robberies cumulatively, and by the court's failure to instruct the jurors to consider the evidence as to each incident separately (*see People v Currie*, 117 AD3d 1074, 1075 [2014]). In any event, "where a defendant is tried for more than one crime, the prosecution may argue that the overall pattern tends to prove that the same person committed the crimes if they share sufficiently distinctive circumstances" (*id.* at 1075; *see People v Beam*, 57 NY2d 241, 250-251 [1982]; *People v Lewis*, 101 AD3d 1154, 1154 [2012]; *People v Salton*, 74 AD3d 997, 997 [2010]). Here, the robberies shared sufficiently distinctive circumstances to establish a modus operandi, permitting the prosecution to argue that the evidence of the defendant's commission of each crime could be considered as evidence of his identity as the perpetrator of the other crime. Accordingly, there was also no error in the court's decision not to instruct the jury that the evidence as to each incident must be considered separately (*see People v Currie*, 117 AD3d at 1075-1076).

Moreover, the record reveals that defense counsel provided meaningful representation (*see People v Caban*, 5 NY3d 143, 152 [2005]).

The sentences imposed were excessive to the extent indicated herein. Leventhal, J.P., Cohen, Hinds-Radix and Duffy, JJ., concur.