■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE JONES, Appellant. [16 NYS3d 328]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garnett, J.), rendered April 11, 2012, convicting him of robbery in the first degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Riviezzo, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

As the People did not offer identification testimony at the trial from the witness who made a showup identification, the defendant's contention that the hearing court erred in denying

that branch of his omnibus motion which was to suppress that identification testimony is academic (*see People v Harris*, 68 AD3d 783 [2009]; *People v Frantz*, 1 AD3d 455, 456 [2003]).

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress testimony of a lineup identification. The photographs taken at the lineup, at which the defendant chose his seat and position number, reflect that the participants were similar to the defendant in skin tone and age, and any differences in clothing or hairstyle were minimized by the fact that the participants all wore identical covers over their clothing and hospital caps to cover their hair (*see People v Bailey*, 121 AD3d 913, 914 [2014]; *People v Moore*, 118 AD3d 916 [2014]). The defendant's contention that the witnesses who viewed the lineup may have discussed the appearance of the perpetrator with each other prior to viewing the lineup is speculative (*see People v Gant*, 26 AD3d 516, 517 [2006]).

The defendant's contention that the trial court erred in permitting a detective to testify that he arrested the defendant immediately after the witnesses viewed the lineup is unpreserved for appellate review (*see People v Marshall*, 97 AD3d 840, 841 [2012]; *People v Garrett*, 62 AD3d 899 [2009]). In any event, although the testimony constituted impermissible inferential bolstering (*see e.g. People v Samuels*, 22 AD3d 507, 509 [2005]; *People v Fields*, 309 AD2d 945 [2003]), the error was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to his convictions (*see People v Marshall*, 97 AD3d 840, 841 [2012]; *People v Urena*, 23 AD3d 587, 588 [2005]).

The defendant failed to preserve for appellate review his contention that he was deprived of his right to a fair trial by the trial court's failure to issue an instruction to the jury directing the jurors to consider the evidence as to each robbery separately (*see* CPL 470.05 [2]; *People v Currie*, 117 AD3d 1074, 1075 [2014]; *People v Manley*, 293 AD2d 628 [2002]). In any event, under the circumstances of this case, since the defendant's identity was a primary issue at trial, and the two robberies, which shared the same distinctive modus operandi, were properly joined for trial (*see* CPL 200.20 [2] [b]; *People v Dobbins*, 123 AD3d 1140 [2014]; *People v Hussain*, 35 AD3d 504, 505 [2006]), a charge that the robberies were distinct and separate and that evidence of guilt as to one of the robberies could not be considered as evidence of guilt as to the others would have been improper (*see People v Currie*, 117 AD3d 1074, 1075 [2014]; *People v Rios*, 245 AD2d 470 [1997]).

Finally, the trial court properly denied the defendant's request for a missing witness charge (*see generally People v Gonzalez*, 68 NY2d 424 [1986]). Mastro, J.P., Cohen, Maltese and Barros, JJ., concur.