■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM HUGGINS, Appellant. [22 NYS3d 104]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ozzi, J.), rendered May 23, 2012, convicting him of rape in the first degree (two counts), criminal sexual act in the first degree, sexual abuse in the first degree (four counts), burglary in the first degree as a sexually motivated felony, robbery in the first degree as a sexually motivated felony, assault in the second degree as a sexually motivated felony, and robbery in the second degree as a sexually motivated felony, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the facts, by vacating the conviction of burglary in the first degree as a sexually motivated felony, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant was convicted of two counts of rape in the first degree, among other crimes, arising out of two incidents: one occurring in October 2008, and one occurring in November 2008.

The defendant's contention that the evidence was legally insufficient to establish his identity as the perpetrator of the crimes relating to the November 2008 incident is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's identity as the perpetrator of those crimes beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt as to those counts was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

We agree with the defendant, however, that the verdict of guilt as to the count of burglary in the first degree as a sexually motivated felony, relating to the October 2008 incident, was against the weight of the evidence. To be guilty of burglary in the first degree, a person must, among other things, knowingly enter or remain unlawfully in a dwelling (*see* Penal Law § 140.30). Here, while the evidence at trial showed that the defendant entered the vestibule of the victim's apartment building through an outer door that did not lock, there was no indicia that access to the building or vestibule was restricted to tenants. Thus, the weight of the evidence does not warrant a finding that the defendant knowingly entered the victim's dwelling (*see People v Taufiq*, 115 AD3d 887, 888-889 [2014]; *People v Maisonet*, 304 AD2d 674, 675 [2003]). Accordingly, we vacate the conviction of burglary in the first degree as a sexually motivated felony, vacate the sentence imposed thereon, and dismiss that count of the indictment (*see* CPL 470.20 [5]).

The trial court properly permitted the prosecution to argue that the evidence of the defendant's commission of the crimes relating to the October 2008 incident could be considered as evidence of his identity as the perpetrator of the crimes relating to the November 2008 incident. The incidents shared sufficiently distinctive circumstances to establish a modus

operandi such that, in her summation, the prosecutor was properly permitted to comment upon the similarities (*see People v Boone*, 129 AD3d 1099, 1100 [2015]; *People v Currie*, 117 AD3d 1074, 1075 [2014]; *People v Lewis*, 101 AD3d 1154 [2012]).

The defendant's remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Dickerson, Roman and Maltese, JJ., concur.