■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DINGLE, Appellant. [47 NYS3d 457]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered November 5, 2014, convicting him of robbery in the first degree (two counts) and robbery in the third degree, upon a jury verdict, and sentencing him, as a persistent violent felony offender, to indeterminate terms of imprisonment of 20 years to life upon each of his convictions of robbery in the first degree, and, as a persistent felony offender, to an indeterminate term of imprisonment of 20 years to life upon his conviction of robbery in the third degree, to run consecutively to each other.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by providing that all of the sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, defense counsel's failure to call the complainants as witnesses at the suppression hearing or move to reopen the hearing based upon their trial testimony did not deprive him of the effective assistance of counsel (*see People v Schultz*, 128 AD3d 989, 989 [2015]; *People v Crespo*, 117 AD3d 1538, 1539 [2014]; *People v Robles*, 116 AD3d 1071 [2014]; *People v Jamison*, 96 AD3d 571, 572 [2012]; *People v Gant*, 26 AD3d 516, 517-518 [2006]). In addition, since the three subject robberies shared sufficiently distinctive circumstances to establish a modus operandi and, therefore, the evidence of the defendant's commission of each crime could be considered as evidence of his identity as the perpetrator of the other crime (*see People v Huggins*, 134 AD3d 854, 855-856 [2015]; *People v Boone*, 129 AD3d 1099, 1100 [2015]; *People v McRae*, 276 AD2d 332, 332-333 [2000]), defense counsel was not ineffective for failing to object to comments made by the prosecutor which purportedly commingled the evidence (*see People v Boone*, 129 AD3d at 1100; *People v Currie*, 117 AD3d 1074, 1075 [2014]; *People v Lewis*, 101 AD3d 1154, 1154 [2012]).

The defendant's contention that the Supreme Court erred in

failing to, sua sponte, charge the jury on the unreliability of cross-racial identification is unpreserved for appellate review since the defendant did not request such a charge or object to the charge as given (*see* CPL 470.05 [2]; *People v Rivera*, 138 AD3d 1037, 1037 [2016]; *People v Cruz-Checo*, 136 AD3d 840, 841 [2016]). In any event, under the circumstances of this case, a cross-racial identification charge would have been improper since the defendant never placed the issue in evidence during the trial (*see People v Alexander*, 94 NY2d 382, 385 [1999]; *People v Boone*, 129 AD3d at 1099; *People v Best*, 120 AD3d 707, 708 [2014]; *People v German*, 45 AD3d 861, 861 [2007]). Here, the court's charge correctly conveyed the applicable legal principles on witness credibility and identification testimony (*see People v Boone*, 129 AD3d at 1099-1100; *People v Washington*, 56 AD3d 258, 259 [2008]; *People v Applewhite*, 298 AD2d 136, 137 [2002]). Contrary to the defendant's contention, defense counsel's failure to request a cross-racial identification charge did not constitute ineffective assistance of counsel (*see People v Moore*, 15 NY3d 811, 813 [2010]; *People v Martin*, 141 AD3d 734, 735 [2016]; *People v McClean*, 137 AD3d 940, 941 [2016]).

The defendant's contention that his adjudication as a persistent felony offender for his conviction of robbery in the third degree was unconstitutional pursuant to *Apprendi v New Jersey* (530 US 466 [2000]) and its progeny is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Daniels*, 5 NY3d 738, 740 [2005]; *People v Minard*, 125 AD3d 691, 692 [2015]), and, in any event, is without merit (*see People v Giles*, 24 NY3d 1066, 1068 [2014]; *People v Battles*, 16 NY3d 54, 59 [2010]; *People v Bell*, 15 NY3d 935, 936 [2010]; *People v Wells*, 15 NY3d 927, 928 [2010]; *People v Quinones*, 12 NY3d 116 [2009]; *People v Rivera*, 5 NY3d 61, 67 [2005]; *People v Rosen*, 96 NY2d 329, 335 [2001]). Moreover, the Supreme Court providently exercised its discretion in sentencing the defendant as a persistent felony offender on his conviction of robbery in the third degree (*see* Penal Law § 70.10 [2]; CPL 400.20 [1]; *People v Minard*, 125 AD3d 691, 692 [2015]; *People v Dixon*, 107 AD3d 735, 736 [2013]; *People v Bazemore*, 100 AD3d 915, 915 [2012]; *People v Watts*, 89 AD3d 965, 965 [2011]). The court's conclusion that the nature of the defendant's criminal conduct in the instant matter, his criminal record, and his character warranted extended incarceration and lifetime supervision is supported by the record (*see People v Dixon*, 107 AD3d at 736; *People v Bazemore*, 100 AD3d at 915). However, the sentence imposed was excessive to the extent indicated herein (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Mastro, J.P., Austin, Miller and Maltese, JJ., concur.