People v Rogers (2018 NY Slip Op 03550)





People v Rogers


2018 NY Slip Op 03550


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2015-05800
 (Ind. No. 1989/04)

[*1]The People of the State of New York, respondent, 
v
Kenneth Rogers, appellant.


Paul Skip Laisure, New York, NY (Yvonne Shivers of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Nancy Fitzpatrick Talcott of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robert Charles Kohm, J.), rendered June 9, 2015, convicting him of burglary in the second degree, possession of burglar's tools, petit larceny, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
At trial, the People's main eyewitness, a retired police officer, testified that, while planting flowers in front of his home, he saw the defendant, who he had never seen before, enter a house across the street. After the defendant entered the house, the retired police officer heard loud banging noises emanating from inside the house, saw the defendant exit the house carrying a laundry bag, was unable to obtain a plausible answer from the defendant as to the reason for his presence there, and immobilized the defendant until police officers arrived shortly thereafter. When the police officers arrived, they found that the defendant had a watch, rings, and a screwdriver on his person, and the laundry bag he was carrying contained a power drill and a water bottle filled with loose currency. The residents of the second floor apartment inside the house testified that the apartment had been ransacked, and its front door had been kicked in. Moreover, the residents of that apartment testified that the items found on the defendant, a man they did not know, belonged to them and had been secured inside their apartment earlier that day.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree, possession of burglar's tools, petit larceny, and criminal possession of stolen property in the fifth degree beyond a reasonable doubt (see People v Borges, 90 AD3d 1067, 1067-1068; People v Diaz, 53 AD3d 504, 505). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contentions that, during her summation, the prosecutor vouched for the credibility of witnesses, misrepresented the facts, shifted the burden of proof, denigrated the [*2]defense, and inflamed the jury, are unpreserved for appellate review. The defendant either failed to object to the comments, failed to request further curative instructions after his objection was granted, or failed to timely move for a mistrial on the specific grounds he now asserts on appeal (see CPL 470.05[2]; People v Balls, 69 NY2d 641, 642; People v Salnave, 41 AD3d 872, 874; People v Wright, 5 AD3d 873, 875). In any event, the challenged remarks were either fair comment on the evidence (see People v Ashwal, 39 NY2d 105), fair response to arguments and theories presented in the defense summation (see People v Galloway, 54 NY2d 396; People v Moore, 29 AD3d 825, 825-826), or harmless (see People v Crimmins, 36 NY2d 230, 241-242; People v Hill, 286 AD2d 777, 778).
The defendant further contends that he was deprived of a fair trial when the prosecutor asked him on cross-examination whether various parts of the testimony of the People's witnesses were accurate. The contention is unpreserved for appellate review because no objection was made to such questioning of the defendant at the trial (see People v Lawrence, 4 AD3d 436, 437). In any event, the prosecutor's cross-examination questions were not improper, but "both relevant and material to the credibility, veracity and honesty" of the defendant (People v Coleman, 56 NY2d 269, 273).
The defendant's claim that he received ineffective assistance of counsel, which is based solely upon his counsel's failure to preserve his current contentions regarding the prosecutor's conduct during cross-examination and summation, is also without merit (see e.g. People v High, 119 AD3d 959, 960).
The defendant's contention that his adjudication as a persistent felony offender was unconstitutional pursuant to Apprendi v New Jersey (530 US 466) and its progeny is without merit (see People v Giles, 24 NY3d 1066, 1068; People v Bell, 15 NY3d 935, 936; People v Dingle, 147 AD3d 1080, 1081). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court