Matter of Jamison v Watson (2019 NY Slip Op 07651)





Matter of Jamison v Watson


2019 NY Slip Op 07651


Decided on October 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 24, 2019

525347

[*1]In the Matter of Adam Jamison, Appellant,
v
John Watson, as Records Access Officer of the Office of Victim Services, Respondent.

Calendar Date: September 4, 2019

Before: Egan Jr., J.P., Clark, Devine, Aarons and Pritzker, JJ.


Adam Jamison, Stormville, appellant pro se.
Letitia James, Attorney General, Albany (Patrick A. Woods of counsel), for respondent.



Egan Jr., J.P.
Appeal from a judgment of the Supreme Court (Hard, J.), entered June 30, 2017 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's Freedom of Information Law request.
Petitioner is an inmate currently serving a sentence of imprisonment for robbery in the first degree, attempted assault in the second degree and criminal trespass in the second degree (see People v Jamison, 96 AD3d 571 [2012], lv denied 19 NY3d 1026 [2012]). In December 2016, petitioner submitted a written Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request to the Office of Victim Services (hereinafter OVS) seeking, among other things, information confirming whether the victims of his attempted assault conviction "received any sort of services as a result of . . . having been" the victims of said crime. OVS denied petitioner's FOIL request on the ground that the records requested were statutorily exempt from disclosure pursuant to Public Officers Law § 87 (2) and Executive Law § 633 (1). Petitioner administratively appealed the denial of his FOIL request and, upon review, Elizabeth Cronin, the Director of OVS, issued a letter dated January 6, 2017, affirming the denial of petitioner's FOIL request.
Petitioner thereafter commenced this CPLR article 78 proceeding challenging the denial of his FOIL request, contending that OVS's determination was arbitrary and capricious as disclosure was required pursuant to Executive Law § 633 (2) or, in the alternative, he was at least entitled to obtain redacted versions of the information requested. Following joinder of issue, Supreme Court dismissed the petition, finding that the denial of petitioner's FOIL request was rationally based. Petitioner appeals, and we affirm.
Pursuant to FOIL, government agencies are required to "make available for public inspection and copying" all governmental records, unless the agency can demonstrate that such documents are statutorily exempt from disclosure by Public Officers Law § 87 (2) (Matter of Friedman v Rice, 30 NY3d 461, 475 [2017] [internal quotation marks and citations omitted]; see Matter of Gartner v New York State Attorney General's Off., 160 AD3d 1087, 1090 [2018]). "Exemptions are to be narrowly construed to provide maximum access, and the agency seeking to prevent disclosure carries the burden of demonstrating that the requested material falls squarely within a FOIL exemption by articulating a particularized and specific justification for denying access" (Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 566 [1986] [citation omitted]; accord Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Corr. & Community Supervision, 173 AD3d 8, 10 [2019]). Public Officers Law § 87 (2) (a) provides that a governmental agency "may deny access to records or portions thereof that . . . are specifically exempted from disclosure by state or federal statute." As relevant here, Executive Law § 633 (1) provides that any records maintained by OVS "regarding a claim submitted by a victim or a claimant shall be deemed confidential" subject to four statutory exceptions.[FN1]
Here, petitioner's FOIL request sought information regarding services that the victims may have received as a result of his "alleged assault" upon them, including, among other things, "whether [the victims] ever received any '[c]ounseling [s]ervices' from any agency recommended by [OVS]" or "were ever interviewed by [OVS]," "whether [OVS] provided [the victims] with [any] services in the form of housing, rent, relocation, clothing, [or] food" and copies of any emails or memoranda that OVS may have received from prosecutorial agencies regarding the victims. Notably, petitioner does not contend, nor has he established, that any of the information that he requested falls within one of the four enumerated exceptions to Executive Law § 633 (1) (see Executive Law § 633 [1] [a]-[d]). Rather, upon review, we find that OVS adequately established that documentation and information requested by petitioner is not subject to disclosure pursuant to Public Officers Law § 87 (2) and Executive Law § 633 (1).
Contrary to petitioner's contention, he has not established his entitlement to disclosure of the subject records pursuant to Executive Law § 633 (2), which provides that "[a]ll other records, including[,] but not limited to, records maintained pursuant to [Executive Law §§ 631-a and 632-a] and proceedings by the office based thereon shall be public record." The provisions cited within Executive Law § 633 (2) are wholly unrelated to OVS's provision of services to crime victims — i.e., the records that petitioner requested OVS to disclose — and petitioner did not otherwise request any records maintained pursuant to those statutes (see Executive Law §§ 631-a, 632-a, 633). Nor is petitioner entitled to redacted disclosure of the requested records as the Court of Appeals has made it clear that "redacted disclosure cannot be compelled where, as here, an agency has met its burden of demonstrating that the records are exempt from disclosure under Public Officers Law § 87 (2) (a)" (Matter of New York Civ. Liberties Union v New York City Police Dept., 32 NY3d 556, 568 [2018]). Accordingly, we find that Supreme Court properly upheld the denial of petitioner's FOIL request, and its determination in this regard was neither irrational nor arbitrary and capricious. Petitioner's remaining contentions, to the extent not specifically addressed, have been rendered academic or have been reviewed and found to be without merit.
Clark, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Pursuant to Executive Law § 633 (1), agency records pertaining to a claim submitted by a victim or a claimant are deemed confidential subject to the following four exceptions: "(a) requests for information based upon legitimate criminal justice purposes; (b) judicial subpoenas; (c) requests for information by the victim or claimant or his or her authorized representative; (d) for purposes necessary and proper for the administration of this article."