People v Hosannah (2019 NY Slip Op 09288)





People v Hosannah


2019 NY Slip Op 09288


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-11750
 (Ind. No. 1722/13)

[*1]The People of the State of New York, respondent,
v
David Hosannah, appellant.


Michael A. Fiechter, Bellmore, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Kevin C. King and John B. Latella of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Meryl J. Berkowitz, J.), rendered September 28, 2016, convicting him of robbery in the first degree (two counts), robbery in the second degree (three counts), and criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (Jerald S. Carter, J.), of the suppression of identification evidence.
ORDERED that the judgment is affirmed.
The defendant's contention that the police lacked probable cause to arrest him is unpreserved for appellate review (see CPL 470.05[2]; People v Williams, 160 AD3d 665, 666). In any event, the record demonstrates that the police had probable cause to arrest the defendant (see People v Williams, 160 AD3d at 666; People v Bellow, 255 AD2d 450; People v Haynes, 251 AD2d 595).
Showup procedures are permissible "even in the absence of exigent circumstances, when they are spatially and temporally proximate to the commission of the crime and not unduly suggestive" (People v Johnson, 104 AD3d 705, 705 [internal quotation marks omitted]). Here, the hearing testimony of the police officers demonstrated that the showup procedures occurred in close spatial and temporal proximity to the commission of the crimes for the purpose of securing a prompt and reliable identification (see People v Santana, 159 AD3d 926, 927; People v Santiago, 132 AD3d 1015, 1016). Further, contrary to the defendant's contention, the possibility that the eyewitnesses may have overheard the police radio transmissions regarding the defendant's arrest did not render the showup procedures unduly suggestive. Notably, two of the eyewitnesses testified that they did not hear the actual content of the transmissions. And, while the third eyewitness testified that he overheard that the individuals being detained had been found wearing sunglasses, the hearing testimony established that the defendant was not wearing sunglasses at the time of the showup (see People v Huerta, 141 AD3d 602, 603). The showup procedures also were not rendered unduly suggestive simply because the eyewitnesses knew that the police had a suspect in custody (see People v Baez, 175 AD3d 553; People v Bartlett, 137 AD3d 806; People v Charles, 110 AD3d 1094, 1096; People v Berry, 50 AD3d 1047, 1048).
In any event, as the Supreme Court found, the eyewitnesses' observations of the defendant during the robberies gave them an independent source upon which to make their in-court identifications (see People v Currie, 117 AD3d 1074, 1075; People v Henderson, 170 AD2d 532, 533; People v Clark, 155 AD2d 548). The defendant's contention that the eyewitnesses' in-court identification of him was "tainted" because the eyewitnesses did not mention his facial scar is without merit. The defendant describes his scar as being situated approximately one inch under the far corner of his left eye and approximately an inch in length from his eye toward the back of his head. The eyewitnesses' descriptions of the defendant, after observing him while in close proximity, in a well-lit setting, for a period of 30 seconds to 2 minutes, were sufficiently detailed and accurate as to the defendant's race, gender, height, build, and age. Moreover, the eyewitnesses testified at the pretrial hearing that the defendant was wearing sunglasses at the time of the commission of the crimes (see People v Small, 110 AD3d 1106, 1106-1107; People v Allah, 283 AD2d 436, 436). Further, while the defendant had an absolute right to waive his presence at the independent source phase of the Wade hearing (United States v Wade, 388 US 218), the hearing court's refusal to allow the defendant to absent himself in these circumstances was harmless error (see Matter of Eric W., 182 AD2d 439; People v Clark, 155 AD2d 548, 549).
The defendant contends that his waiver of the right to a jury trial was invalid. The defendant's claim "is to be proved, if at all, by facts outside the trial record in a proceeding maintainable under CPL 440.10" (People v Johnson, 51 NY2d 986, 988).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions do not require reversal.
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court