■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS APPLEWHITE, Appellant. [748 NYS2d 4] —Judgment, Supreme Court, New York County (Carol Berkman, J., at suppression hearing; Charles Tejada, J., at jury trial and sentence), rendered July 7, 1999, convicting defendant of criminal use of a firearm in the first degree, assault in the first degree and criminal possession of a weapon in the second and third degrees, and sentencing him to an aggregate term of 7 to 14 years, unanimously affirmed.

Defendant's suppression motion was properly denied. The police had reasonable suspicion to stop and frisk defendant

because he met a radioed description of the assailant, which included the fact that he was wearing a black knit skull cap, along with a jacket of a particular color that bore a specific brand name on the back and the gunman's sex, race and height. Furthermore, defendant was found, in the early morning hours, in the suspect's general direction of flight. The specificity of the description outweighed the fact that approximately two hours had transpired since the shooting (*see People v Harmon*, 293 AD2d 303, *lv denied* 98 NY2d 676). We note that defendant's factual claims improperly conflate hearing and trial testimony.

Defendant was not denied a fair trial when a witness, who could not identify defendant at a pretrial lineup, made several references to defendant as the "shooter." The witness properly testified as to the gunman's description (*cf. People v Sanders*, 66 NY2d 906; *People v Myrick*, 66 NY2d 903), but admitted that he could not make an in-court identification because he did not get a good look at the gunman's face. There was no prejudice to defendant because he fully cross-examined the witness and it was abundantly clear to the jury that the witness was unable to make an identification.

The court had a sufficient basis upon which to charge the jury on consciousness of guilt (*see People v Yazum*, 13 NY2d 302). The jury, which had ample evidence upon which to find that defendant was the assailant, could have reasonably found that the assailant's flight from the scene demonstrated a consciousness of guilt, which was relevant to the issue of his mental state at the time of the crime.

The court properly refused to charge the jury on the asserted unreliability of cross-racial identifications, since the court's charge correctly conveyed the applicable legal principles on witness credibility and identification testimony (*see People v Jenkins*, 166 AD2d 237, 238, *lv denied* 76 NY2d 1022). Defendant's present argument rests primarily on psychological research that is not part of the record before us.

We perceive no basis for a reduction of sentence. Concur—Williams, P.J., Tom, Mazzarelli, Sullivan and Gonzalez, JJ.