■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE WALKER, Appellant. [894 NYS2d 156]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered March 19, 2008, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contentions that the testimony of a detective recounting the description of the perpetrator given by a witness constituted improper bolstering and inadmissible hearsay, and violated his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution (hereinafter the Confrontation Clause), are unpreserved for appellate review, as the defendant did not object to the testimony on those grounds (*see People v Chandler*, 59 AD3d 562 [2009]; *People v Bryan*, 50 AD3d 1049, 1050 [2008]). In any event, contrary to the defendant's contention, this testimony was not hearsay, because it was not offered for its truth, but rather, to explain police actions and the sequence of events leading to the defendant's arrest (*see People v Chandler*, 59 AD3d at 562). Moreover, contrary to the defendant's contention, the challenged testimony did not implicate the defendant as the perpetrator or violate his rights under the Confrontation Clause (*id.*; *see People v Nicholas*, 1 AD3d 614 [2003]).

The defendant's remaining contentions are without merit. Fisher, J.P., Florio, Belen and Austin, JJ., concur.