This memorandum is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 144
The People &c.,
            Respondent,
        v.
Louis Speaks,
            Appellant.

            Nao Terai, for appellant.
            Lori Glachman, for respondent.

MEMORANDUM:

        The order of the Appellate Division should be affirmed.

        Defendant was convicted, following a jury trial, of two counts of robbery in the first degree and two counts of robbery in the second degree.  On appeal, defendant argues that the trial

- 1 -

court abused its discretion as a matter of law in permitting a detective to testify about descriptions of the robbers given by one testifying witness and one nontestifying witness. All but one of defendant's challenges to this testimony are unpreserved for our review because defense counsel only lodged a single-word "hearsay" objection at trial (see People v Gray, 86 NY2d 10, 19 [1995]). As to the preserved hearsay challenge to the testimony about the nontestifying witness's description, that claim is meritless. The testimony -- which was accompanied by a curative instruction explaining that it was not admitted for its truth -- consisted of a generic description of the robbers that was cumulative of nonhearsay descriptions provided by other trial witnesses. It was also consistent with the visual depiction of the robbers seen in a surveillance video. Under these circumstances, the trial court did not abuse its discretion in allowing the testimony as background information to explain why the police were able to capture relevant surveillance footage (see People v Tosca, 98 NY2d 660, 661 [2002]).

Defendant also argues that defense counsel's failure to object to various comments made by the prosecutor during summation deprived him of effective assistance of counsel. A defendant receives effective assistance of counsel "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful

representation" (People v Baldi, 54 NY2d 137, 147 [1981]). Here, defendant's claim of ineffective assistance of counsel ignores the entirety of the representation defendant received at trial and, further, is not supported on this record.

Throughout the course of the trial, defense counsel, demonstrating his familiarity with the relevant law and the particular facts of the case, vigorously advocated for defendant, made proper objections and appropriate motions, competently cross-examined witnesses, and presented a cogent defense case. As to the prosecutor's arguments in summation, defense counsel objected to the arguments about defendant's medical condition and then moved for a mistrial on this ground at the end of summation. The other challenged arguments were either fair comment on the evidence, within the bounds of permissible rhetorical argument, or appropriate response to arguments made in defendant's summation (see People v Ashwal, 39 NY2d 105, 109-110 [1976]). This is not a case where the prosecutor's comments were so "far afield from acceptable argument" that "there [was] no apparent strategic explanation for defense counsel's silence," thereby depriving defendant of meaningful representation (People v Wright, 25 NY3d 769, 780 [2015]). In sum, defendant received effective assistance of counsel.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Order affirmed, in a memorandum.  Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.


Decided October 20, 2016