■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRIUS LEE, Appellant. [59 NYS3d 35]—

Appeal by the defendant from a judgment of the Supreme

Court, Queens County (Hollie, J.), rendered March 18, 2013, convicting him of robbery in the first degree (two counts), criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the testimony of police witnesses recounting the location of the defendant's bedroom in the house that was searched, based on information given to them by a nontestifying witness, violated his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution. This contention is unpreserved for appellate review, as the defendant did not object to the testimony on those grounds (*see People v Walker*, 70 AD3d 870, 871 [2010]; *People v Chandler*, 59 AD3d 562 [2009]). The contention is, in any event, without merit (*see People v Walker*, 70 AD3d at 871; *People v Speaks*, 124 AD3d 689, 691-692 [2015], *affd* 28 NY3d 990 [2016]). The defendant's contentions that the testimony about the location of his bedroom given by one detective constituted improper bolstering is also unpreserved for appellate review, as the defendant did not object to the testimony on that ground (*see People v Walker*, 70 AD3d at 871; *People v Chandler*, 59 AD3d 562 [2009]), and it is, in any event, without merit (*see People v Speaks*, 124 AD3d at 692). Additionally, with respect to the hearsay objection which was raised to the testimony about the location of the defendant's bedroom based on information given to the police witnesses by the nontestifying witness, the jury was specifically instructed not to consider the description for its truth. The jury is presumed to have followed that instruction, alleviating any possible prejudice suffered by the defendant related to the admission of the description (*see People v Berg*, 59 NY2d 294 [1983]).

The Supreme Court properly declined to charge the jury on the unreliability of cross-racial identification, as the defendant never placed the issue in evidence during the trial (*see People v Boone*, 129 AD3d 1099 [2015], *lv granted* 26 NY3d 1086 [2015]; *People v Best*, 120 AD3d 707, 708 [2014]; *cf. People v Alexander*, 94 NY2d 382, 385 [1999]), and the court's charge correctly conveyed the applicable legal principles on witness credibility and identification testimony (*see People v Boone*, 129 AD3d 1099 [2015]; *People v Washington*, 56 AD3d 258, 259 [2008]; *People v Applewhite*, 298 AD2d 136, 137 [2002]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Hall, J.P., Sgroi, Maltese and LaSalle, JJ., concur.