■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CRUMP, Appellant. [62 NYS3d 333]—

Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered April 28, 2015, as amended June 4, 2015, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 10 years, unanimously affirmed.

The court properly denied defendant's motion to suppress a showup identification. Contrary to defendant's contention, the testimony of an officer who did not personally detain defendant was sufficient in this case to meet the People's burden of going forward with respect to the issues raised at the suppression hearing. The evidence permits no other inference than that the nontestifying officer who detained defendant acted upon the victim's description of his assailants (*see People v Gonzalez*, 91 NY2d 909, 910 [1998]; *People v Williams*, 52 AD3d 208 [1st Dept 2008], *lv denied* 11 NY3d 743 [2008]). At the hearing, defendant did not raise any issue that might require the testimony of the uncalled witness. In particular, defendant did not claim that the actions of the nontestifying officer constituted a full-blown arrest, or raise any question about the level of intrusion; in any event, even assuming, as defendant asserts, that the nontestifying officer may have handcuffed de-

fendant, this would not necessarily elevate a seizure based on reasonable suspicion to an arrest requiring probable cause in view of the need to protect the safety of the officers and bystanders (*see People v Foster*, 85 NY2d 1012, 1014 [1995]; *People v Allen*, 73 NY2d 378, 379-380 [1989]).

None of defendant's other challenges to the showup warrant suppression. Defendant matched a description of one of the robbers that was sufficiently specific to provide at least reasonable suspicion, notwithstanding that defendant's apprehension did not occur immediately after the robbery (*see e.g. People v Applewhite*, 298 AD2d 136 [1st Dept 2002], *lv denied* 99 NY2d 625 [2003]; *People v Harmon*, 293 AD2d 303 [1st Dept 2002], *lv denied* 98 NY2d 676 [2002]). The showup was conducted as part of a continuous ongoing investigation, within the constitutionally permissible range of temporal and spatial proximity to the incident (*see People v Howard*, 22 NY3d 388, 402 [2013]; *People v Brisco*, 99 NY2d 596, 597 [2003]). The procedure was not unduly suggestive, because "the overall effect of the allegedly suggestive circumstances was not significantly greater than what is inherent in any showup" (*People v Brujan*, 104 AD3d 481, 482 [1st Dept 2013], *lv denied* 21 NY3d 1014 [2013]).

The court providently exercised its discretion in receiving relevant background evidence about the investigative steps taken by the police in attempting to arrest another participant in the crime. Defendant's general objections, or objections on the sole ground of relevance, failed to preserve his present hearsay and Confrontation Clause arguments, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits (*see Tennessee v Street*, 471 US 409 [1985]).

Defendant's remaining contentions are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Concur—Richter, J.P., Gische, Kapnick, Kahn and Kern, JJ.