People v Newman (2019 NY Slip Op 03729)





People v Newman


2019 NY Slip Op 03729


Decided on May 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2019

Richter, J.P., Manzanet-Daniels, Webber, Kern, JJ.


815/10 9297 9296 9295 9294

[*1]The People of the State of New York, Respondent,
v
Timothy Newman, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Robin Nichinsky of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Matthew B. White of counsel), for respondent.



Judgment, Supreme Court, Supreme Court, Bronx County (Margaret L. Clancy, J.), rendered July 23, 2013, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him, as a persistent violent felony offender, to a prison term of twenty years to life, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The jury could have reasonably concluded that the victim's serious neck wound could only have been caused by a knife or other dangerous sharp object. Given that defendant cut the victim's neck, the inference that he did so with the intent to cause, at least, serious physical injury is inescapable (see generally People v Getch, 50 NY2d 456, 465 [1980]).
Defendant's challenges to the People's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find that the challenged remarks generally constituted fair comment on the evidence, and reasonable inferences to be drawn therefrom, in response to defense arguments, and that the summation did not deprive defendant of a fair trial (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-120 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). We have considered and rejected defendant's ineffective assistance of counsel claims (see People v Speaks, 28 NY3d 990, 992 [2016]; see also Strickland v Washington, 466 US 668 [1984]).
The court properly denied, without a hearing, defendant's CPL 330.30(2) motion to set aside the verdict based on alleged juror misconduct. Although a "verdict may not be impeached by probes into the jury's deliberative process" (People v Maragh, 94 NY2d 569, 573 [2000]), a narrow exception exists for "statements exhibiting overt racial bias that cast serious doubt on the fairness and impartiality of the jury's deliberations and resulting verdict" (Peña-Rodriguez v Colorado, ___ US ___, 137 S Ct 855, 869 [2017]; see also People v Leonti, 262 NY 256 [1933]). However, viewed in context, one juror's remarks during deliberations about his general awareness of conflicts between "African Americans" (defendant's ethnicity) and "Jamaicans" or "Caribbeans" (the victim's ethnicity) did not rise to the level of overt bias against or in favor of either group, nor did they "tend to show that racial animus was a significant motivating factor in the juror's vote to convict" (Peña-Rodriguez, 137 S Ct at 869). Defendant's remaining claims regarding jury deliberations are barred by the no-impeachment rule.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2019
CLERK