People v Cuevas (2019 NY Slip Op 03925)





People v Cuevas


2019 NY Slip Op 03925


Decided on May 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2019

Sweeny, J.P., Renwick, Tom, Kapnick, Oing, JJ.


9369 4025/13

[*1]The People of the State of New York, Respondent,
v
Hector Cuevas, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Allison N. Kahl of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (John T. Hughes of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene D. Goldberg, J. at suppression hearing; Juan M. Merchan, J. at jury trial and sentencing), rendered June 2, 2016, convicting defendant of burglary in the first degree and robbery in the first and second degrees, and sentencing him to an aggregate term of 12 years, unanimously affirmed.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Defendant made a reliable confession that was circumstantially corroborated by other evidence, including DNA evidence on a cap found at the crime scene and a videotape.
The hearing court properly denied the motion to suppress defendant's statements as involuntarily made. The detective who interviewed defendant testified about defendant's waiver of his Miranda rights and the absence of coercive circumstances at the time of the interview. The People were not required to produce officers who interacted with defendant before the detective elicited the confession, because defendant presented no "bona fide factual predicate" to demonstrate that the uncalled officers possessed material evidence on the question of voluntariness (People v Witherspoon, 66 NY2d 973, 974 [1985]). The issues that defendant raises about the detective's testimony fall short of constituting the necessary factual predicate.
Defendant failed to preserve his challenges to the scientific validity and probative value of the DNA evidence, or any of his challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. The existing record does not establish that defense counsel rendered ineffective assistance by failing to preserve these issues (see People v Speaks, 28 NY3d 990, 992 [2016]; see also Strickland v Washington, 466 US 668 [1984]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2019
DEPUTY CLERK