People v Grace (2020 NY Slip Op 00611)





People v Grace


2020 NY Slip Op 00611


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-10027
 (Ind. No. 2436/15)

[*1]The People of the State of New York, respondent,
v
Davontay Grace, appellant.


Paul Skip Laisure, New York, NY (Grace DiLaura of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Gamaliel Marrero of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deborah Dowling, J.), rendered August 22, 2016, convicting him of assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that the Supreme Court erred in admitting into evidence the recording of three anonymous 911 calls under the present sense impression exception to the hearsay rule because the element of contemporaneity was not satisfied. The contention is unpreserved for appellate review, since the defendant did not object to the admission of the recording on that ground (see People v Lee, 151 AD3d 982, 983; People v Speaks, 124 AD3d 689, 691, affd 28 NY3d 990; People v Walker, 70 AD3d 870, 871). In any event, the defendant's contention is without merit, as the time delay between the occurrence of events and the calls was not sufficient to destroy the indicia of reliability upon which this hearsay exception rests (see People v Vasquez, 88 NY2d 561, 573-576; People v Hernandez, 92 AD3d 802, 803; People v Osbourne, 69 AD3d 764, 764; People v York, 304 AD2d 681, 681; cf. People v Parchment, 92 AD3d 699, 699).
The defendant failed to preserve for appellate review his contention that a police detective's testimony regarding statements of nontestifying witnesses and the complainant's identification constituted improper bolstering and violated his right to confrontation (see People v Hall, 168 AD3d 761, 762; People v Barnett, 163 AD3d 700, 703). In any event, the testimony elicited from the police detective during his direct examination was properly admitted to complete the narrative and explain the sequence of events leading to the defendant's arrest (see People v Terry, 122 AD3d 882, 883; People v Dorcinvil, 122 AD3d 874, 876). Additionally, the prosecutor was entitled to further explore the statements of nontestifying witnesses during his redirect examination for the purpose of explaining and clarifying testimony elicited on cross-examination (see People v Reid, 19 NY3d 382, 388; People v Massie, 2 NY3d 179, 184; People v Lowe, 166 AD3d 901, 903; People v Melendez, 51 AD3d 1040, 1040-1041).
The defendant's contentions regarding alleged prosecutorial misconduct during [*2]summation are partially unpreserved for appellate review (see CPL 470.05[2]; People v Escamilla, 168 AD3d 758, 759; People v Fletcher, 130 AD3d 1063, 1065, affd 27 NY3d 1177). In any event, the challenged remarks were either fair comment on the evidence and the inferences to be drawn therefrom (see People v Gurdon, 153 AD3d 1430, 1431; People v Elder, 152 AD3d 787, 789; People v Hawley, 112 AD3d 968, 969), cured by the Supreme Court's charge and instructions to the jury, to which the defendant did not object (see People v Bynum, 171 AD3d 1204, 1205; People v Escamilla, 168 AD3d at 759-760), or not so egregious as to have deprived the defendant of a fair trial (see People v Freire, 168 AD3d 973, 976; People v Mason, 132 AD3d 777, 778).
The defendant's contention that he received ineffective assistance of counsel based upon defense counsel's failure to preserve for appellate review his current contentions regarding evidentiary errors and the prosecutor's conduct during summation is without merit (see People v Wragg, 26 NY3d 403, 411; People v Rogers, 161 AD3d 1013, 1015; People v Manigat, 136 AD3d 614, 616; People v Hawley, 112 AD3d 968, 969). The record reveals that defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 713; People v Alphonso, 144 AD3d 1168, 1169).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., DILLON, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court