People v Plowden (2020 NY Slip Op 07101)





People v Plowden


2020 NY Slip Op 07101


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2019-00359
 (Ind. No. 899/14)

[*1]The People of the State of New York, respondent,
v
Jerod Plowden, appellant.


Jan Murphy, Huntington, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Tammy J. Smiley and Jason R. Richards of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Patricia A. Harrington, J.), rendered December 12, 2018, as amended January 3, 2019, convicting him of murder in the second degree, robbery in the first degree (two counts), and robbery in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to the defendant's contention, the testimony of an accomplice was supported by corroborative evidence sufficient to connect the defendant to the commission of the offenses for which he was convicted (see CPL 60.22[1]; People v Reome, 15 NY3d 188, 195; People v Plowden, 150 AD3d 896, 897).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the Supreme Court properly acted within its discretion in permitting testimony relating to the observations of a deceased cab driver, as the defendant opened the door to that evidence through a particular line of cross-examination (see People v Reid, 19 NY3d 382, 388-389; People v Grace, 179 AD3d 1092, 1093; People v Hemphill, 173 AD3d 471, 477).
The Supreme Court providently exercised its discretion in declining to conduct an individual inquiry of each juror with regard to an article published in Newsday on the second day of their deliberations, since, when questioned collectively, no juror indicated that they had seen or [*2]discussed the day's edition of Newsday, and during the course of the trial, the court repeatedly instructed the jury not discuss the case and not to view or listen to any news media related to the case (see People v Williams, 78 AD3d 160, 167; People v Rivera, 31 AD3d 790, 790-791).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court